UNITED STATES of America,
Appellant,

v.

PORTLAND GENERAL ELECTRIC
COMPANY, an Oregon Corpo-
ration, Appellee.

No. 17693.

United States Court of Appeals
Ninth Circuit.

Nov. 28, 1962.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner, and Thomas H. McPeters, Attys., Dept. of Justice, Washington, D. C., Sidney I. Lezak, U. S. Atty., George E. Georgeff, Asst. U. S. Atty., Portland, Or., for appellant.

Phillips, Coughlin, Buell & Phillips, Clarence D. Phillips, and Alfred H. Stoloff, Portland, Or., for appellee.

Before HAMLIN, MAGRUDER and DUNIWAY, Circuit Judges.

PER CURIAM.

This case involves federal income taxes for the years 1948 to 1953, inclusive. A deficiency for each tax year was assessed by the Commissioner. These deficiencies the taxpayer has paid. The taxpayer duly applied for a refund, which the Commissioner denied. The taxpayer then brought suit in the court below for the recovery of the amounts alleged to have been overpaid. The district court entered judgment for the plaintiff. D.C. 189 F.Supp. 290.

The case turns on the depreciation allowable on a utility power plant. All the statute says is that, in computing net income, there shall be allowed as a deduction "[a] reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)— (1) of property used in the trade or business. * * *" Int.Rev.Code of 1939, § 23, as amended. The district court made the factual finding, which we cannot conclude to be "clearly erroneous," that the "Annual Accrual of allowable depreciation, as computed by PGE [the taxpayer] under its straight-line unit summation method of depreciation using the useful lives of its depreciable property as established by the Utilities Commissioner's order and subsequent usage and experience thereunder, is factual, realistic and administratively practical, and therefore reasonable and in compliance with tax law and regulation. Further, that the Annual Accrual of depreciation as developed by the Commissioner on his straight-line average life method is unreasonable in light of PGE's knowledge and experience as to the useful lives of its depreciable properties, and to require PGE to substitute his method for its, is arbitrary." 189 F.Supp. at 303–304.

We are content to rely upon the careful findings of fact and conclusions of law of District Judge East on the points at issue, with which we are in entire agreement.

A judgment will be entered affirming the judgment of the District Court.