**OKLAHOMA GAS & ELECTRIC COMPANY, a corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 67–213.**

United States District Court
W. D. Oklahoma.

Aug. 19, 1968.

Gordon F. Rainey, Houston W. Reeves, Richard G. Taft, Oklahoma City, Okl., for plaintiff.

Gene A. Castleberry and John O. Jones, U. S. Dept. of Justice, Fort Worth, Tex., for defendant.

## OPINION

BOHANON, District Judge.

This is a suit by taxpayer for the refund of income taxes and assessed interest totaling $314,047 alleged to have been erroneously assessed and collected for the years 1954 through 1958. The Government [1] has claimed a set-off based on excessive depreciation deductions during the years in suit, 1954 to 1958 both inclusive, arising because of improper addi-

tions to depreciable bases during the years in suit.

Three issues are presented:

(1) Is the taxpayer entitled to depreciate the costs of the initial clearing of easements and rights-of-way used for its electric facilities? This issue involves the proper treatment for tax purposes of the initial cost involved in preparing land for construction of transmission facilities for electric power. These initial costs of clearing easements and rights-of-way include costs of removing trees, shrubs and stumps, and other obstructions, the temporary fencing of roadways, grading and excavating in order to install poles and construct towers and other structures for electric transmission lines and to provide access for construction equipment.

(2) Is the taxpayer entitled, as claimed, to a deduction for sales and use taxes paid to the State of Oklahoma in 1954, 1955, and 1956? Taxpayer capitalized these taxes, without filing a formal election to do so as required by Section 266 of the Internal Revenue Code of 1954, resulting in overstating its depreciable base for those years and correspondingly understating its expense deductions. The Government concedes that taxpayer is entitled to this deduction for 1954, 1955 and 1956.

(3) Is the taxpayer entitled to deduct, from taxable income, depreciation on certain equipment taken in the year of sale of such equipment? This issue involves certain automotive equipment sold by the taxpayer in the year 1958. This issue has likewise been conceded by the Government and will be further touched upon and amplified in this Opinion with respect to the overpayment of taxpayer of income tax for said year.

■ With respect to the first issue as hereinbefore stated, the Court is of the opinion and holds that the initial cost incurred by the plaintiff in the clearing easements and rights-of way was and is necessary to the construction and placing

1. Throughout the Opinion, the plaintiff and the defendant will be referred to as the "taxpayer" and the "Govenment" respectively.

in operation of plaintiff's electric transmission lines and facilities.[2]

With respect to intangibles, the Government's regulations issued pursuant to Section 167 of the Internal Revenue Code of 1954 provides: [3]

■■ From a preponderance of the evidence presented to the Court in this case, including expert testimony, the Court finds and holds that the easements and rights-of-way and clearing costs have a determinable useful life of 50 years. Likewise, the transmission facilities have a determinable life of 50 years. Reasonable accuracy, not absolute certainty, is all that is required to establish the useful life of assets in order to compute deductions for depreciation. Union Electric Company of Missouri, 10 T.C. 802, 177 F.2d 269 (8th Cir. 1949). Such initial costs of preparing land for construction of transmission facilities for electric power are depreciable over the useful life of the properties with which the rights-of-way are associated. Portland General Electric Company v. United States, D.C., 189 F.Supp. 290, affirmed 310 F.2d 877 (9th Cir. 1952); Commonwealth Natural Gas Corporation v. United States, D.C., 266 F.Supp. 298.

■ There is no provision in the law requiring that the exhaustion (allowance for depreciation) must be capable of measurement within a degree of certainty, and all that is required is proof that the asset is one definitely undergoing exhaustion. Northern Natural Gas Company v. O'Malley, 277 F.2d 128 (8th Cir. 1960). In both *Union Electric* and *Northern Natural Gas* cases, supra, there

was involved regulations in effect prior to 1954 (Reg. 111, Sec. 29.23(1)–(3), which reads:

"Intangibles, the use of which in the trade or business or in the production of income is definitely limited in duration, may be the subject of a depreciation allowance."

In Shell Pipe Line Corporation v. *United States of America*, D.C., 267 F. Supp. 1014, the Court held that intangible right-of-way costs incurred by an oil pipeline common carrier are depreciable assets and have a limited useful life even though the sources of supply for said pipe line would not be depleted in the foreseeable future. The Court held that experience in the industry shows that despite the value of second line rights when the life of pipe in the line is exhausted, it frequently happens by reason of economic factors or advances in technology that a new location is selected, and the right-of-way and the initial costs of clearing the right-of-way become valueless, such assets are of a wasting nature and must be depreciated, and allowance for depreciation must be allowed based upon information available. Taxpayer is entitled to depreciate the costs of initial clearing of rights-of-way used for transmission facilities for the years in suit, 1954 through 1958, and its claim for refund in the proper amount is allowed.

On the third issue as originally cast by the pleadings, as above set forth, the Government has conceded that it erroneously disallowed plaintiff's claim for deduction of depreciation in the amount of $53,705 on its transportation equipment which was sold in the year 1958.

---

2. Section 167 of the Internal Revenue Code of 1954 provides:
   "There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)—
   "(1) of property used in the trade or business, or
   "(2) of property held for the production of income ."

3. "If an intangible asset is known from experience or other factors to be of use in the business or in the production of income for only a limited period, the length of which can be estimated with reasonable accuracy, such an intangible asset may be the subject of a depreciation allowance. Examples are patents and copywrights. An intangible asset, the useful life of which is not limited, is not subject to the allowance for depreciation. No allowance will be permitted merely because, in the unsupported opinion of the taxpayer, intangible asset has a limited useful life." Treas.Reg. 1.167(a)–3.

The remaining issue is whether or not the Government is entitled to a set-off based on taxpayer's depreciation schedules which were admittedly overstated.

■ The parties agreed, and the Court finds, that because of the taxpayer's failure to formally elect to capitalize State sales and use taxes in 1954, 1955 and 1956, it was precluded from capitalizing them and was required to deduct them as expenses in each year. Consequently, when the taxpayer sought to correct this, it was required to decrease its depreciation deduction by the amount of the State taxes improperly depreciated.

■■ Taxpayer failed to file formal elections to capitalize State sales and use taxes for the years 1943 through 1953, as required by Internal Revenue Code of 1939, Sec. 24(a), and no adjustments may be made at this time for deductions taken in the years 1943 through 1953 as the Statute of Limitations has expired so that the Government may not realize a net cash recovery for these years. However, the necessary adjustments to the depreciation deductions may be used as a set-off against any recovery which the taxpayer would otherwise be entitled. The fundamental question for determination in litigation of any tax year is whether or not the taxpayer has overpaid the tax due for that year. Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932) wherein the Court said:

> "An overpayment must appear before refund is authorized. Although the statute of limitations may have barred the assessment and collection of any additional sum, it does not obliterate the right of the United States to retain payments already received when they do not exceed the amount which might have been properly assessed and demanded."

And see Dysart v. United States, 340 F.2d 624, 169 Ct.Cl. 276, 1965) and Reuben H. Donnelley v. United States, 257 F.Supp. 747 (S.D.N.Y., 1966).

Since, as the Court has found, and as the evidence shows, the taxpayer has overstated its depreciation deductions during the years in suit and the years 1943 through 1953, by improper additions to bases in prior years, the Government is entitled to correct the depreciation deductions and correspondingly reduce or eliminate the tax refund in any given year.

For the purpose of giving meaningful effect to the above conclusions of law, concessions and findings of fact, the Court makes the following additional findings of fact.

(1) 1954

A. Taxpayer is entitled to deduct from taxable income, as claimed, the amount of $17,932 as depreciation for said year on initial clearing costs of easements and rights of way; and, as the result thereof, has overpaid its income taxes for said year in the amount of $9,325.

B. Taxpayer is entitled to deduct from taxable income, as claimed, the amount of $134,765 as sales and use taxes paid during said year on equipment and materials; and, as the result thereof, has overpaid its income taxes for said year in the amount of $70,078.

C. Taxpayer, having improperly capitalized the sales and use taxes on projects commenced in 1954; and having claimed depreciation and amortization for said year thereon in the amount of $3,342, must reduce its overpayment for said year in the amount of $1,738.

D. Taxpayer paid sales and use taxes on equipment and materials used in construction projects during the following years in the following amounts:

| | |
|---|---|
| 1943 | $ 13,109 |
| 1944 | 13,973 |
| 1945 | 9,955 |
| 1946 | 18,534 |
| 1947 | 53,908 |
| 1948 | 84,695 |
| 1949 | 89,754 |
| 1950 | 157,470 |
| 1951 | 119,762 |
| 1952 | 87,369 |
| 1953 | 142,274 |
| Total | $790,803 |

Said amounts were not deducted from taxable income but were improperly capitalized during said years. The total amount of said taxes were included in depreciable basis for 1954, resulting in an overstatement of depreciation and amortization in the amount of $25,780; and, as the result thereof, the Government is entitled to offset the amount of $13,406 against taxpayer's overpayment for such year.

E. As the result of the foregoing items, taxpayer has made a net overpayment of income taxes and interest in the following amounts:

| | |
|---|---|
| Income taxes | $64,259.00 |
| Interest | 1,431.80 |
| Total overpayment | $65,690.80 |

and is entitled to recover such overpayment and interest thereon at the rate of 6% per annum from date(s) of such overpayment computed to August 8, 1968, in the amount of $48,325.35 plus interest on $65,690.80 overpayment from August 8, 1968, until paid.

(2) 1955

A. Taxpayer is entitled to deduct from taxable income, as claimed, the amount of $20,149 as depreciation for said year on initial clearing costs of easements and rights-of-way; and, as the result thereof, has overpaid its income taxes for said year in the amount of $10,477.

B. Taxpayer is entitled to deduct from taxable income, as claimed, the amount of $173,261 as sales and use taxes paid on equipment and materials during said year; and, as the result thereof, has overpaid its income taxes for said year in the amount of $90,096.

C. Taxpayer, having improperly capitalized the sales and use taxes on projects commenced during the years 1954 and 1955, and having claimed depreciation and amortization for said year thereon in the amount of $6,673, must reduce its overpayment for said year in the amount of $3,470.

D. In accordance with its claim, the Government is entitled to an offset against taxpayer's overpayment, in the amount of $14,393 based on overstatement of depreciation and amortization in the amount of $27,678, by reason of inclusion in the depreciable basis for such year of the amount of $790,803 sales and use taxes improperly capitalized during 1943–1953, as set forth above.

E. As the result of the foregoing items, taxpayer has made a net overpayment of income taxes and interest in the following amounts:

| | |
|---|---|
| Income taxes | $82,710.00 |
| Interest | 2,431.85 |
| Total overpayment | $85,141.85 |

and is entitled to recover such overpayment and interest thereon at the rate of 6% per annum from date(s) of such overpayment computed to August 8, 1968, in the amount of $59,309.64 plus interest on $85,141.85 overpayment computed from August 8, 1968, until paid.

(3) 1956

A. Taxpayer is entitled to deduct from taxable income, as claimed, the amount of $21,427 as depreciation on initial clearing costs of easements and rights-of-way for said year; and, as the result thereof, has overpaid its income taxes for said year in the amount of $11,142.

B. Taxpayer is entitled to deduct from taxable income, as claimed, the amount of $163,868 as sales and use taxes paid on equipment and materials during said year; and, as the result thereof, has overpaid its income taxes for said year in the amount of $85,211.

C. Taxpayer, having improperly capitalized the sales and use taxes on projects commenced during the years 1954, 1955 and 1956, and having claimed depreciation and amortization for said year thereon in the amount of $15,322, must reduce its overpayment for said year in the amount of $7,967.

D. In accordance with its claim, the Government is entitled to an offset

against taxpayer's overpayment, in the amount of $14,393 based on overstatement of depreciation and amortization in the amount of $27,678, by reason of inclusion in the depreciable basis for such year of the amount of $790,803 sales and use taxes improperly capitalized during 1943–1953, as set forth above.

E. As the result of the foregoing items, taxpayer has made a net overpayment of income taxes and interest in the following amounts:

| | |
|---|---|
| Income taxes | $73,993.00 |
| Interest | 3,061.78 |
| Total overpayment | $77,054.78 |

and is entitled to recover such overpayment and interest thereon at the rate of 6% per annum on such overpayment computed to August 8, 1968, in the amount of $48,484.96 plus interest on $77,054.78 overpayment from August 8, 1968, until paid.

(4) 1957

A. Taxpayer is entitled to deduct from taxable income, as claimed, the amount of $21,963 as depreciation on initial clearing costs of easements and rights-of-way for said year; and, as the result thereof, has overpaid its income taxes for said year in the amount of $11,421.

B. Taxpayer, having improperly capitalized the sales and use taxes on projects commenced during the years 1954, 1955 and 1956, and having claimed depreciation and amortization for said year thereon in the amount of $20,208, must reduce its overpayment for said year in the amount of $10,508.

C. In accordance with its claim, the Government is entitled to an offset against taxpayer's overpayment, in the amount of $14,393 based on overstatement of depreciation and amortization in the amount of $27,678, by reason of inclusion in the depreciable basis for such year of the amount of $790,803 sales and use taxes improperly capitalized during 1943–1953, as set forth above.

D. As the result of the foregoing items, taxpayer has not overpaid its income taxes for said year and is not entitled to any recovery thereof for said year.

(5) 1958

A. Taxpayer is entitled to deduct from taxable income, as claimed, the amount of $22,687 as depreciation on initial clearing costs of easements and rights-of-way for said year; and, as the result thereof, has overpaid its income taxes for said year in the amount of $11,797.

B. Taxpayer is entitled to deduct from taxable income, as claimed, the amount of $53,705 as depreciation on transportation and mobile equipment, and treating the amount of $53,705 as gain on sale of Section 1231 assets; and, as the result thereof, taxpayer has overpaid its income taxes for said year in the amount of $14,501.

C. Taxpayer, having improperly capitalized the sales and use taxes on projects commenced during the years 1954, 1955 and 1956, and having claimed depreciation and amortization for said year thereon in the amount of $21,387, must reduce its overpayment for said year in the amount of $11,122.

D. In accordance with its claim, the Government is entitled to an offset against taxpayer's overpayment, in the amount of $14,393 based on overstatement of depreciation and amortization in the amount of $27,678 by reason of inclusion in the depreciable basis for such year of the amount of $790,803 sales and use taxes improperly capitalized during 1943–1953, as set forth above.

E. As the result of the foregoing items, taxpayer has made a net overpayment of income taxes and interest in the following amounts:

| | |
|---|---|
| Income taxes | $783.00 |
| Interest | —— |
| Total overpayment | $783.00 |

and is entitled to recover such overpayment and interest thereon at the rate

of 6% per annum from date(s) of such overpayment computed to August 8, 1968, in the amount of $236.44 plus interest on $783.00 overpayment from August 8, 1968, until paid.

(6) Summary

For the years in suit, 1954 to 1958, both inclusive, taxpayer is entitled to recover from the Government, the following amounts:

| Year | Income Tax | Interest Paid | Overpayment | Interest to August 8, 1968 |
|------|-----------|---------------|-------------|-----------------------------|
| 1954 | $ 64,259 | $1,431.80 | $ 65,690.80 | $ 48,325.35 |
| 1955 | 82,710 | 2,431.85 | 85,141.85 | 59,309.64 |
| 1956 | 73,993 | 3,061.78 | 77,054.78 | 48,484.96 |
| 1957 | — | — | — | — |
| 1958 | 783 | — | 783.00 | 236.44 |
| | $221,745 | $6,925.43 | $228,670.43 | $156,356.39 |

Amount of Judgment      $385,026.82

In addition, Plaintiff is entitled to interest on the amount of the overpayment of $228,670.43 from August 8, 1968 at the rate specified in Title 26 U.S.C.A. Sec. 6611.