**OKLAHOMA GAS & ELECTRIC COMPANY, an Oklahoma corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 70–537.

United States District Court, W. D. Oklahoma.

July 30, 1971.

Gordon F. Rainey, Richard G. Taft, H. Duane Stratton, Oklahoma City, Okl., for plaintiff.

William R. Burkett, Oklahoma City, Okl., Eugene G. Sayre, Ft. Worth, Tex., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

For many years, Taxpayer had followed the practice of capitalizing sales and use taxes it paid on equipment purchased by it as a part of the depreciable cost of the equipment. During the course of litigating a refund suit involving taxable years other than those in question here, it developed that this practice was erroneous because of the failure of the Taxpayer to file formal elections to capitalize such taxes, which elections were required by 26 U.S.C.A. (I.R.C.1939) § 24(a) (7) and regulations thereunder. In this connection, this Court stated in Oklahoma Gas & Electric Company v. United States, 289 F.Supp. 98 (Okl. 1968):

"The remaining issue is whether or not the Government is entitled to a set-off based on taxpayer's depreciation schedules which were admittedly overstated.

"The parties agreed, and the Court finds, that because of the taxpayer's failure to formally elect to capitalize State sales and use taxes in 1954, 1955 and 1956, it was precluded from capitalizing them and was required to deduct them as expenses in each year. Consequently, when the taxpayer sought to correct this, it was required to decrease its depreciation deduction by the amount of the State taxes improperly depreciated.

"Taxpayer failed to file formal elections to capitalize State sales and use taxes for the years 1943 through 1953, as required by Internal Revenue Code of 1939, Sec. 24(a), and no adjustments may be made at this time for deductions taken in the years 1943 through 1953 as the Statute of Limitations has expired so that the Government may not realize a net cash recovery for these years. However, the necessary adjustments to the depreciation deductions may be used as a set-off against any recovery which the taxpayer would otherwise be entitled.

\* \* \* \* \* \*

"Since, as the Court has found, and as the evidence shows, the taxpayer has overstated its depreciation deductions during the years in suit and the years 1943 through 1953, by improper additions to bases in prior years, the Government is entitled to correct the depreciation deductions and correspondingly to reduce or eliminate the tax refund in any given year." 289 F.Supp. at p. 101.

The effect of this prior case was to deny Taxpayer any deduction for depreciation of sales and use taxes which were capitalized in the 1943–1953 period after 1953. This means that of the $790,803 sales and use taxes capitalized by Taxpayer during that period, $700,606, representing the undepreciated balance of such taxes at the beginning of 1954 will be lost to the Taxpayer as a deduction in any form,[1] because of its failure to comply with 26 U.S.C.A. (I.R.C.1939) § 24 (a) (7).

Taxpayer, however, contends that it is entitled to mitigation under 26 U.S.C.A. §§ 1311 et seq.[2] These statutes generally provide that where correc-

---

1. The portion of the capitalized sales and use taxes taken as a deduction from income in the form of depreciation during 1943–1953 was $90,197. The only amount in issue in this action is the undepreciated balance at the beginning of 1954.

2. Direct claim for refunds relating to the years 1943–1953 has, of course, been long since barred by 26 U.S.C.A. § 6511(a).

tion of an error is prevented by operation of law, it may be adjusted if certain requirements are satisfied.[3] As a condition precedent to correction, the statute requires that the present position of the Internal Revenue Service be inconsistent with the Taxpayer's practices or procedures under which the error was committed.[4] Next, the error must be one of those described in 26 U.S.C.A. § 1312. In this case, it appears that Taxpayer's erroneous treatment of the sales and use taxes is one of those circumstances described by the statute.[5] Last, the determination referred to in the statute must be final.[6]

It is the Government's position that 26 U.S.C.A. § 481 controls the result of this case and precludes Taxpayer's recovery of its otherwise lost deduction.[7] The Government claims that Taxpayer changed its method of accounting for sales and use taxes in 1957 and therefore any relief it could have obtained from the effects of such change was available only in 1957.[8] In the alternative, the Gov-

---

3.  26 U.S.C.A. § 1311(a):
    "*General rule.*—If a determination (as defined in section 1313) is described in one or more of the paragraphs of section 1312 and, on the date of the determination, correction of the effect of the error referred to in the applicable paragraph of section 1312 is prevented by the operation of any law or rule of law, other than this part and other than section 7122 (relating to compromises), then the effect of the error shall be corrected by an adjustment made in the amount and in the manner specified in section 1314."

4.  26 U.S.C.A. § 1311(b) (1):
    "*Maintenance of an inconsistent position.*—Except in cases described in paragraphs (3) (B) and (4) of section 1312, an adjustment shall be made under this part only if—(A) in case the amount of the adjustment would be credited or refunded in the same manner as an overpayment under section 1314, there is adopted in the determination a position maintained by the Secretary or his delegate, * * * and the position maintained by the Secretary or his delegate in the case described in subparagraph (A) * * * is inconsistent with the erroneous inclusion, exclusion, omission, allowance, disallowance, recognition, or nonrecognition, as the case may be."

5.  26 U.S.C.A. § 1312(7):
    "*Basis of property after erroneous treatment of a prior transaction.*—(A) *General rule.*—The determination determines the basis of property, and in respect of any transaction on which such basis depends, or in respect of any transaction which was erroneously treated as affecting such basis, there occurred, with respect to a taxpayer described in subparagraph (B) of this paragraph, any of the errors described in subparagraph (C) of this paragraph.

    (B) *Taxpayers with respect to whom the erroneous treatment occurred.*—The taxpayer with respect to whom the erroneous treatment occurred must be —(i) the taxpayer with respect to whom the determination is made, * * * (C) *Prior erroneous treatment.*—With respect to a taxpayer described in subparagraph (B) of this paragraph— * * * (iii) there was * * * an erroneous charge to capital account of an item properly deductible."

6.  26 U.S.C.A. § 1313(a):
    "*Determination.*—For purposes of this part, the term 'determination' means —(1) a decision by the Tax Court or a judgment, decree, or other order by any court of competent jurisdiction, which has become final; * * *"

7.  26 U.S.C.A. § 481(a):
    "*General rule.*—In computing the taxpayer's taxable income for any taxable year (referred to in this section as the 'year of the change')—(1) if such computation is under a method of accounting different from the method under which the taxpayer's taxable income for the preceding taxable year was computed, then (2) there shall be taken into account those adjustments which are determined to be necessary solely by reason of the change in order to prevent amounts from being duplicated or omitted, except there shall not be taken into account any adjustment in respect of any taxable year to which this section does not apply unless the adjustment is attributable to a change in the method of accounting initiated by the taxpayer."

8.  Special rules for prorating the effect of such changes over a future ten year period where the changes affect years prior to 1954 are set out in 26 U.S.C.A. § 481(b) (4)–(6). The Government is saying, in effect, that Taxpayer should

ernment claims that even if 26 U.S.C.A. §§ 1311 et seq. are applicable, recovery thereunder is limited to the amount allowed as a setoff in the prior litigation between the parties.[9]

The evidence respecting the Government's claim that Taxpayer changed its method of accounting in 1957 is undisputed. From 1943 to 1953, the sales and use taxes on capital equipment purchases were capitalized for both income tax and financial reporting purposes, but the formal elections required by 26 U.S.C.A. (I.R.C.1939) § 24(a) (7) were not filed. In 1957, the Taxpayer was informed by its independent auditors that the 1943–1953 income tax returns were in error in their tax treatment of sales and use taxes pertaining to purchases of capital equipment. The 1957 return was filed claiming the taxes as a deduction and for the years 1954–1956 Taxpayer filed claims for refund based on taking the taxes as a deduction rather than capitalizing them. These claims were decided in Taxpayer's favor in Oklahoma Gas & Electric Co. v. United States, *supra*. These changes, however, were not reflected on the books of the Taxpayer; to this day Taxpayer continues to capitalize sales and use taxes on purchases of capital equipment.

■ In general, a taxpayer is required to compute taxable income in accordance with the method of accounting it uses in keeping its books.[10] However, book income and taxable income may not coincide; in practice they rarely coin-

cide because of the many special provisions of the Internal Revenue Code which require that certain items be treated in ways not in accord with generally accepted accounting principles. The most important element of any method of accounting is timing. A cash basis taxpayer reports income when it is received or disposable by him and he is permitted deductions only when they are paid by him. An accrual basis taxpayer reports income and expenses when they are incurred. The facts of receipt and payment are irrelevant. Because income may accrue in one year and be received in another and because deductible expenses may be incurred in one year and paid in another, the law requires that a Taxpayer changing methods of accounting first secure the consent of the Internal Revenue Service.[11] Nevertheless, such consent would not be required of the Taxpayer when it began deducting sales and use taxes in 1957. The evidence is undisputed that it did not "change the method of accounting on the basis of which he [it] regularly computes his [its] income in keeping his [its] books * * *." From 1943 to the present time, Taxpayer has capitalized sales and use taxes on capital equipment purchased. It follows that Taxpayer's change in the treatment of sales and use taxes for income tax purposes in 1957 related to the computation of its taxable income and not to its method of accounting. As Taxpayer did not change its method of accounting as defined by 26

have applied for relief under these rules in 1957.

9. The amounts allowed the Government as a setoff against the Taxpayer's claims in the prior litigation consisted of depreciation of sales and use taxes capitalized during 1943–1953 which was taken as a deduction in 1954–1958. As the Court's opinion pointed out, 289 F.Supp. at page 101, the Government was foreclosed by limitations from adjusting the depreciation taken by Taxpayer during the years 1943–1953 on capitalized sales and use taxes, but it was not foreclosed as to the improper depreciation of these items in the following years, 1954–1958.

10. 26 U.S.C.A. § 446(a):
"*General rule.*—Taxable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books."

11. 26 U.S.C.A. § 446(e):
"*Requirement respecting change of accounting method.*—Except as otherwise expressly provided in this chapter, a taxpayer who changes the method of accounting on the basis of which he regularly computes his income in keeping his books shall, before computing taxable income under the new method, secure the consent of the Secretary or his delegate."

U.S.C.A. § 446, it follows that 26 U.S. C.A. § 481, relating to adjustments required by changes in method of accounting is inapplicable herein.[12]

The Taxpayer seeks relief under the mitigation provisions of 26 U.S.C.A. §§ 1311 et seq. When the Taxpayer filed claims for refund for the years 1954–1956 claiming deduction for sales and use taxes on purchases of capital equipment, it could not avail itself of the benefits of the mitigation statutes for the reason that an inconsistent position had not been taken by the Internal Revenue Service and there had not occurred a final determination of whether such taxes were so deductible.

■ In order to establish its right to recovery under the mitigation statutes, the Taxpayer must satisfy the requirements applicable to it, which are summarized as follows:

1.  It must show the existence of a circumstance described by 26 U.S. C.A. § 1312.

2.  Correction of the error referred to in the described circumstance is barred by limitations.

3.  There must have been a final determination as described by 26 U. S.C.A. § 1313, and,

4.  The position taken by the Internal Revenue Service in the determination must have been inconsistent with the erroneous treatment of the item.

■ ■ The Taxpayer's erroneous capitalization of sales and use taxes on purchases of capital equipment during the years 1943–1953 and the determination of the Internal Revenue Service with respect thereto is described by 26 U.S.C.A. § 1312(7) (A), (B) (i) and (C) (iii).

Correction of the Taxpayer's error is barred by 26 U.S.C.A. § 6511(a), as it appears that more than three years have elapsed since the returns for the years 1943–1953 were filed and more than two years have elapsed since the taxes, including any deficiencies, have been paid. The determination with respect to the disallowance of depreciation of 1943–1953 sales and use taxes capitalized consists of the judgment of this Court dated August 19, 1968 and it became final upon dismissal of the appeal thereof on April 9, 1969. This is a final determination as contemplated by 26 U.S.C.A. § 1313 (a) (1). The above determination that sales and use taxes could not be capitalized sustained the position of the Internal Revenue Service which was inconsistent with Taxpayer's erroneous capitalization of such sales and use taxes during the years 1943–1953, within the meaning of 26 U.S.C.A. § 1311(b) (1).

■ The Taxpayer has therefore satisfied the requirements of the mitigation statutes. However, the Government contends that Taxpayer's relief should be limited to the amounts allowed as an offset in the litigation of Taxpayer's refund claims relating to the years 1943–1953. In support of this proposition, the Government cites and quotes from Gooding v. United States, 326 F.2d 988, 164 Ct.Cl. 197 (1964) as follows:

"Nevertheless, we cannot allow the taxpayers to recover the whole capital gains tax paid for 1946, but only that portion of the tax allocable to the three notes paid in 1947 and 1948 which were the subject of the Tax Court's decision. The mitigation provisions do not authorize the recovery of all the tax erroneously paid, without more. Section 1314(a) specifies that the adjustment in the erroneous impost must be confined to that 'which results sole-

---

12. Again referring to 26 U.S.C.A. § 481 (a), it is clear that the change must be of a method of accounting and no of a method of computing taxable income: "In computing the taxpayer's taxable income * * * if such computation is under a method of accounting different from the method under which the taxpayer's taxable income for the preceding taxable year was computed * * *" Taxpayer's method of accounting did not vary but its computation of taxable income did vary.

ly from the correct treatment of the item which was the subject of the error * * *.'" 326 F.2d at pp. 994–995.

The situation in that case is distinguishable from that of the present case. It appears that taxable character of the unadjusted items in the cited case depended on future events:

> "For the present taxpayers this rule measures recovery by the three satisfied notes which were paid or partially paid and as to which the taxpayers have already been hurt by the defendant's inconsistency. They have not similarly suffered on account of the remaining notes; those may never be paid or the corporation's profit position may be so poor that the future payments on the notes will not be deemed a distribution of dividends. Mitigation must abide the actual event." 326 F.2d at p. 995.

One result of Taxpayer's previous litigation in this Court with the Government is that it may never take depreciation on the capitalized sales and use taxes. If any tax benefit is to be realized from such items, it must and can only be with respect to the taxes paid for 1943–1953. There is no future event which will change the character of these items. In this connection, the concluding observation of the Court in Gooding v. United States, *supra*, is appropriate:

> "In so limiting recovery, we are not continuing to regard the 1946 transaction erroneously; we are recognizing that, as to the outstanding notes, the taxpayers have not yet undergone the detriment with which the mitigation sections are concerned." 326 F.2d at p. 995.

Were this Court to limit Taxpayer's recovery herein to the depreciation of sales and use taxes disallowed during 1954–1957, it would be continuing the Taxpayer's erroneous treatment of the 1943–1953 transactions. The detriment with which the mitigation statutes are concerned occurred during those years and is amenable to correction at this time.

Counsel for the Taxpayer is requested to prepare a judgment in conformity with this Memorandum Opinion, submit the same to Counsel for the Government for approval as to form and computation of the amounts recoverable and present the same to the Court within thirty (30) days of the date hereof.

The **BINKLEY COMPANY**, a corporation, Plaintiff,