**OKLAHOMA GAS AND ELECTRIC COMPANY, Appellee,**

v.

**UNITED STATES of America, Appellant.**

**No. 71–1742.**

United States Court of Appeals, Tenth Circuit.

Aug. 18, 1972.

Richard Farber, Atty., Tax Div., Dept. of Justice (Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks and Bennet N. Hollander, Attys., Tax Div., Dept. of Justice, and William R. Burkett, U. S. Atty., of counsel, with him on the brief), for appellant.

Richard G. Taft, Oklahoma City, Okl. (Gordon F. Rainey, of Rainey, Welch,

Wallace, Ross & Cooper, Gary F. Fuller and Dee A. Replogle, Jr., of McAtee, Taft, Cates, Mark, Bond & Rucks, Oklahoma City, Okl., and H. Duane Stratton, Oklahoma City, Okl., of counsel, with him on the brief), for appellee.

Before LEWIS, Chief Judge, and SETH and McWILLIAMS, Circuit Judges.

SETH, Circuit Judge.

Oklahoma Gas & Electric Company (taxpayer) brought this action for mitigation under 26 U.S.C. §§ 1311–1315 to treat as fully deductible business expenses expenditures for sales and use taxes which were capitalized rather than deducted.

Taxpayer was required by the Federal Power Commission System of Accounts to capitalize sales and use taxes paid on materials used in its construction projects. Not only did taxpayer so capitalize these expenditures on its books, but it also treated the taxes as capital expenditures for federal income tax purposes. In 1957, taxpayer changed accounting firms, and upon the advice of the new firm decided to deduct the taxes paid on materials for construction projects commenced in 1957 and later years.

Taxpayer had not filed with the Commissioner an election to capitalize as contemplated by 26 U.S.C.A. (I.R.C. 1939) § 24(a) (7), and later by 26 U.S.C. § 266 and regulations thereunder. In 1957 taxpayer began to deduct these expenses and the fact that these expenses are properly deductible is not challenged by the Government in this action.

Taxpayer brought a previous action for a refund based on expense deductions not taken for the sales taxes, but was limited to the years 1954 to 1956 by the statute of limitations. In that action, Oklahoma Gas & Electric Co. v. United States, 289 F.Supp. 98 (W.D. Okl.), taxpayer was allowed a refund for deductions not taken for 1954–1956. The Government did not then assert that taxpayer had changed its method of accounting and acknowledged that the taxes were deductible as expenses. The Government was however allowed a setoff to the extent the sales taxes were included in the depreciable base, not only for the years 1954–1956, but also for the years 1943–1953 as well. The court allowed this setoff because no election had been filed under section 24(a) of the 1939 Internal Revenue Code. The result of that decision was that, of the $790,803 in sales and use taxes capitalized by taxpayer from 1943 to 1953, $700,606, representing the undepreciated portion of such taxes at the beginning of 1954, will be lost to taxpayer as an expense or as part of the depreciable base unless other relief is available.

Since taxpayer is barred from bringing an action for a refund by the statute of limitations, it brought this action for refund for the years 1943 through 1953 under the mitigation provisions of the Internal Revenue Code of 1954, 26 U.S.C. §§ 1311–1315, seeking a refund computed by using an expense deduction of the sales taxes. The parties stipulated that in this action the requirements for the application of the mitigation provisions have been met by the taxpayer. Thus unless sections 446 and 481 of the Code are here effective the taxpayer should prevail.

■ Of the mitigation provisions we have affirmed the District Court in its following statement:

"The purpose of the mitigation sections is to correct tax inequities where the statute of limitations, if controlling, would serve to create a double taxation or double escape from taxation to the unjust hardship or benefit of either the taxpayer or the government." G–B, Inc. v. United States, 302 F.Supp. 851, 854 (D.C.Colo.), aff'd per curiam 422 F.2d 1035 (10th Cir.)

The Government contends that 26 U.S.C. §§ 1311–1315 are inapplicable or, in the alternative, that taxpayer's recovery should be limited to the amount allowed as a setoff in the prior litigation. As a basis for its claim that 26 U.S.C. §§

1311–1315 are inapplicable, the Government asserts the following propositions: (1) taxpayer has changed its "method of accounting" by electing to deduct rather than capitalize these expenses in computing its taxable income; (2) this change was initiated by the taxpayer; (3) therefore, taxpayer had a remedy under 26 U.S.C. § 481; (4) an action under section 481 is now barred by the applicable statute of limitations, and (5) the action under section 481 was taxpayer's sole and exclusive remedy.

■ The trial court held in this action that taxpayer had not changed its method of accounting, therefore, 26 U.S.C. § 481 was inapplicable, and that taxpayer had a remedy under 26 U.S.C. §§ 1311–1315. Oklahoma Gas & Electric Co. v. United States, 333 F.Supp. 1178 (W.D.Okl.). We affirm this holding of the trial court.

26 U.S.C. § 481 applies to adjustments which become necessary when a taxpayer changes its "method of accounting." The Government asserts that in 1957 when taxpayer began deducting those sales and use taxes in computing its taxable income, it thereby changed its "method of accounting" under 26 U.S.C. § 446. Taxpayer also asserts that it still capitalizes these expenditures on its own books as required by the Federal Power Commission and, therefore, it has not changed its "method of accounting."

The general rule, of course, is that "taxable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books." 26 U.S.C. § 446(a). The "method of accounting" used by taxpayer with respect to these expenditures is that of capitalization as required by the Federal Power Commission System of Accounts. This does not mean, however, that taxpayer must also capitalize them in computing its taxable income.

"Consistency in treatment of particular transactions is of great importance in utility accounting, but an erroneous allocation should not be perpetuated on the basis of consistency. The accounting 'methods' required by regulatory agencies do not necessarily dictate the proper income tax treatment for expenditures. Old Colony R.R. v. Comm'r of Internal Revenue, 284 U.S. 552, 52 S.Ct. 211, 76 L.Ed. 484." Mountain Fuel Supply Co. v. United States, 449 F.2d 816 (10th Cir.), cert. den. 405 U.S. 989, 92 S.Ct. 1251, 31 L.Ed.2d 455.

The Mountain Fuel case is particularly appropriate here. In that case, the taxpayer had taken ordinary business deductions for the cost of materials used in replacing an old pipeline. The Commissioner challenged these deductions, asserting that they were instead capital expenditures. We agreed with the Commissioner and upheld the corresponding deficiency assessed against the taxpayer. At 449 F.2d 816, 822, we continued:

"The taxpayer urges that the allocation of the expenditures between additions to capital and expenses as proposed by the government would amount to a change in its accounting 'methods' contrary to section 446 of the Internal Revenue Code. . . . This has been construed to refer to 'generally accepted accounting practices,' Fort Howard Paper Co., 49 T.C. 275, and to direct primary consideration to whether income is clearly reflected, Cincinnati, New Orleans & T. P. Ry. v. United States, 424 F.2d 563, 91 Ct.Cl. 572. . . . The authorities have extended section 446 to accounting practices of more narrow scope than 'accounting methods'; however, a reallocation of the expenditures in question between the two or three accounts cannot under the circumstances here present be regarded as contrary to section 446 or to violate its purpose."

The initial suit for refund by the appellee herein concerned the years 1954, 1955, and 1956; thus, if such claim was a change in accounting methods, which we do not herein decide, it could only be for 1954 and subsequent years. The total setoff secured by the Government

was predicated in part on an adjustment of the depreciable base for the years 1943 through 1953 with which we are here concerned. This setoff was affirmatively there sought by the Government, and its allowance caused the elimination of the expenditures from the depreciation base. The resultant treatment of the expenditures can only be expressed negatively as not as a capital item. This change in treatment was not as the result of a decision to do so made by the taxpayer, but instead it came about from the Government's claim asserted in the litigation. This was not a "change" made by the taxpayer but by the Government. The purpose of enacting 26 U.S.C. § 481 was to prevent duplications or omissions. These considerations are not here present. Under these circumstances there was no opportunity for the taxpayer to have made the "adjustments" referred to in section 481. Thus a remedy was not there open to it.

The record thus shows a change in treatment of the sales tax for the years 1943 through 1953 made by the Government in the course of the previous litigation. This change eliminated the treatment of these taxes as part of the depreciable base, but did not provide any other treatment for such expenditures. This unusual set of circumstances presents a proper case for the application of the mitigation provisions (26 U.S.C. §§ 1311–1315), thereby accomplishing a purpose of the Act as stated in G–B, Inc. v. United States, 302 F.Supp. 851, aff'd per curiam 422 F.2d 1035 (10th Cir.). 26 U.S.C. §§ 446 and 481 provide a remedy or a solution in change of accounting methods, as the Government urges, but the change here concerned as accomplished by the Government was a result which permitted no readjustments. Thus the provisions of sections 1311–1315 became available. They provide a solution in a great variety of circumstances beyond what the Government calls "one-shot" errors.

For the reasons expressed by the trial court, we also reject the Government's alternative claim, i. e., that taxpayer's

recovery should be limited to the setoff allowed in the prior action. In addition to the trial court's statements, we would add that the Government's attempted "ratification" of taxpayer's erroneous capitalization for the years 1943–1953 is out of order. The remedy contemplated by the mitigation sections is the mutual recognition of the correct treatment of expenditures, not the mutual acceptance of the incorrect treatment.

Affirmed.