LAWRENCE OCRANT AND NANCY H. OCRANT, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6200-73.   Filed March 23, 1976.

*Barry J. Goldstein,* for the petitioners.
*John D. Moats,* for the respondent.

OPINION

The venture was organized on December 1, 1968, and began to acquire oil field completion equipment, most of which was already in use when the venture acquired it. On the U.S. partnership return of income which it filed for 1968, the venture claimed a full 6 months of depreciation on the equipment which it acquired during that year. Petitioners contend that the venture was authorized to do so under the "averaging convention." Respondent contends that the venture was entitled to claim no more than 1 month's depreciation on that equipment. In our opinion petitioners' contention is based on a misapprehension of how the "averaging convention" is to be applied.

As the venture sought to apply it in this instance, the "averaging convention" authorizes that depreciation deductions claimed for a given year with respect to assets acquired during

that year be computed "at one-half the rates applied for the full year." *Scovill Manufacturing Co.,* 25 B.T.A. 265, 276 (1932).

Petitioners contend that during the calendar year 1968 the venture acquired assets for which it sought to claim depreciation deductions computed in accordance with the "averaging convention"; and that under the "averaging convention" the deductions were properly computed at one-half the rate appropriate to that calendar year.

The year with respect to which computations are made under the "averaging convention" is not, however, the calendar year, but the *taxable year,* in which the assets are acquired. Cf. *Hillyer, Deutsch, Edwards, Inc.,* 21 B.T.A. 452, 460 (1930); sec. 1.167(a)-10(b), Income Tax Regs.; and in this instance the taxable year in which the assets were acquired was of only 1 month's duration.

If a taxpayer is in existence for only a part of what would otherwise be his taxable year, then his taxable year is the short period during which he is in existence and for which he files a return. Sec. 443(a)(2);[1] cf. *Estate of Theodore Roodner,* 64 T.C. 680, 682 (1975). In this instance the venture was not in existence during the entire calendar year 1968, but only during the final month of that year; and it was during that month that the assets to be depreciated were acquired by the venture. Were the depreciation deductions claimed with respect to those assets to be computed in accordance with the "averaging convention," one-half the rate appropriate to that month, not to the entire calendar year 1968, would be applied. Petitioners' reliance on the "averaging convention" to justify a claim of 6 months' depreciation on the assets acquired by the venture during December 1968 is therefore wholly misplaced.

Petitioners next contend that by the close of 1968 the fair market value of the equipment had fallen substantially below the amount which the venture had paid for it. Petitioners especially note in this connection that much of the equipment purchased by the venture had been purchased and used by the limited

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.

SEC. 443. RETURNS FOR A PERIOD OF LESS THAN 12 MONTHS.

(a) RETURNS FOR SHORT PERIOD.—A return for a period of less than 12 months (referred to in this section as "short period") shall be made under any of the following circumstances:

* * *

(2) TAXPAYER NOT IN EXISTENCE FOR ENTIRE TAXABLE YEAR.—When the taxpayer is in existence during only part of what would otherwise be his taxable year.

partnerships during the first 11 months of 1968 and then sold to the venture at cost. It is petitioners' position that by the close of 1968 the excess of the equipment's cost to the venture over its fair market value was greater than the depreciation deductions claimed by the venture for 1968; and that for this reason the deductions were reasonable within the meaning of section 167.[2]

We dismiss this contention out of hand; for the depreciation deduction is not intended to reflect the decline in the fair market value of an asset, but rather to enable the owner to charge off the cost of the asset over its useful life. Cf. *Coca-Cola Bottling Co. of Baltimore v. United States,* 487 F.2d 528 (Ct. Cl. 1973).

Having considered petitioners' contentions we hold that the venture was not entitled to claim 6 months' depreciation on the equipment it acquired during December 1968. Rather respondent was fully justified in allowing the venture no more than 1 month's depreciation on the equipment.

Pursuant to the agency agreements with Imperial and Royal, equipment was purchased for $429,360.60 during December 1968, in order that the venture might lease it to the limited partnerships. The venture claims that under section 38[3] it is entitled to an investment credit for all of this equipment.

Certain of this equipment, however, purchased for $30,362.95, was previously in use. Petitioners contend that the used equipment was obtained from independent suppliers. Respondent contends that this equipment was used by the limited partnerships prior to its being acquired by the venture, and used by those same partnerships thereafter; and that therefore the venture is not entitled to an investment credit for that equipment. Sec. 1.48-3(a)(2)(i), Income Tax Regs.[4]

---

[2] Sec. 167(a), I. R. C. 1954, provides:

(a) GENERAL RULE.—There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)—

   (1) of property used in the trade or business, or
   (2) of property held for the production of income.

[3] SEC. 38. INVESTMENT IN CERTAIN DEPRECIABLE PROPERTY.

(a) GENERAL RULE.—There shall be allowed, as a credit against the tax imposed by this chapter, the amount determined under subpart B of this part.

(b) REGULATIONS.—The Secretary or his delègate shall prescribe such regulations as may be necessary to carry out the purposes of this section and subpart B.

[4] Sec. 1.48-3(a)(2)(i), Income Tax Regs.: Property shall not qualify as used section 38 property if, after its acquisition by the taxpayer, it is used by (a) a person who used such property before such acquisition, * * *

In support of their contention petitioners introduced into the record the testimony of Stanley B. Hallman who supervised the preparation of the 1968 tax return of King, Seipman & Ocrant. From his testimony we have learned that the only records that might have indicated from what parties the used equipment was obtained, had not been made available to us. This being the case, we must sustain respondent's determination on this issue; for petitioners have the burden of proving that determination erroneous. *Welch v. Helvering,* 290 U.S. 111 (1933).

*Decision will be entered for the respondent.*