29 F.3d 634
 74 A.F.T.R.2d 94-5159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence H. SCHLANG and Shirley A. Schlang, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70856
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1994.*
Decided June 21, 1994.
 
 Before: HUG, SCHROEDER and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taxpayer Schlang filed amended returns for tax years 1981 and 1984, claiming $9,900 in investment tax credit pursuant to IRC Sec. 38.[1] The Commissioner disallowed the claimed credits and noticed a deficiency. Upon petition for review by Schlang, the tax court determined that he was not entitled to the claimed credits. Schlang appeals. We have jurisdiction pursuant to 26 U.S.C. Sec. 7482, and we affirm.
 
 FACTS
 
 3
 In 1983, All Type Equipment Leasing, Inc. ("ATEL") leased video equipment, which it owned, to a second company known as Inflight Services, Inc. Inflight, in turn, leased the equipment to Northwest Airlines, and the equipment was used on board Northwest aircraft to show movies and informational programming to passengers.
 
 
 4
 On December 31, 1984, Schlang purchased the equipment from ATEL subject to the preexisting lease from ATEL to Inflight and subject to the preexisting sublease from Inflight to Northwest. In connection with the purchase agreement, Schlang agreed to a lease-back arrangement whereby Schlang agreed to lease the equipment back to the seller, ATEL.
 
 
 5
 According to Schlang, at some point after he acquired the equipment, Inflight went out of business and could no longer satisfy its obligations under the lease from ATEL. Schlang contends that after Inflight went out of business, he entered a lease directly with Northwest Orient Airlines. On appeal, Schlang vigorously argues that Northwest Orient and Northwest Airlines are distinct entities. However, the district court found, and Schlang does not dispute, that the equipment was used on board the same aircraft before and after the acquisition by Schlang.
 
 DISCUSSION
 
 6
 At the time relevant to this appeal, IRC Sec. 38 provided a credit against tax for a percentage of amounts invested in certain tangible personal property. There are two types of qualified "section 38 property"--"new" and "used." IRC Secs. 48(b) & (c)(1). The equipment purchased by Schlang clearly is not new, and it cannot qualify as used section 38 property "if, after its acquisition by the taxpayer, it was used by a person who used such property before such acquisition." IRC Sec. 48(c)(1); Sherar v. United States, 413 F.2d 986, 987-88 (9th Cir.1969). The tax court held that the equipment purchased by Schlang did not qualify as section 38 property because it was used by Northwest before and after it was acquired by Schlang. On appeal, Schlang contends that the equipment was used exclusively by Inflight before it was acquired, and was used exclusively by Northwest Orient and its passengers after its acquisition.
 
 
 7
 We review the tax court's factual findings for clear error. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir.1991). The tax court's factual finding that the equipment was used by Northwest before and after it was acquired by Schlang is not clearly erroneous. The equipment was used on board the same aircraft for the same purposes before and after its acquisition.[2] See Sherar, 413 F.2d at 987-88; Ocrant v. Commissioner, 65 T.C. 1156, 1160 (1976). Moreover, even if we agreed with Schlang that the equipment was used exclusively by Inflight before it was acquired by Schlang, it is undisputed that Inflight did not go out of business until some time after the acquisition. Accordingly, even under Schlang's theory, the property was used in the post-acquisition period by a person who used the property before Schlang purchased it.
 
 
 8
 Schlang also contends that the district court erred in placing the burden on him to show that he was entitled to the credit. He concedes that the Commissioner's determination of a deficiency is presumptively correct, Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986), and that the burden shifts to the Commissioner only with respect to "new matters" not presented in the notice of deficiency. Tax Court Rule 142(a). He argues that the Commissioner raised a new matter in this litigation by changing its position as to whether Northwest or Inflight was the post-acquisition user of the leased property. We disagree.
 
 
 9
 A new theory which merely clarifies the Commissioner's deficiency determination does not shift the burden of proof. Stewart v. Commissioner, 714 F.2d 977, 990-91 (9th Cir.1983). Throughout this litigation, it has always been the Commissioner's theory that Schlang was not entitled to a credit against tax because the property was used, in the post-acquisition period, by a pre-acquisition user. Schlang initially bore the burden of disproving this theory, and this burden did not change in any meaningful way merely because the Commissioner changed its view as to whether the post-acquisition user was Inflight or Northwest.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The relevant Tax Code provisions in effect for the tax years at issue in this case have since been repealed. All statutory references herein refer to the tax laws in effect in 1984
 
 
 [2]
 We also note, although it is not necessary to our decision, that any alleged differences between Northwest and Northwest Orient are irrelevant for purposes of IRC Sec. 48(c)(1) in light of the corporate relationship between the entities. IRC Sec. 267(b)(3)