Douglas J. MICHELSON, Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 90–9020.

United States Court of Appeals, Tenth Circuit.

Dec. 18, 1991.

---

Before MCKAY, Chief Judge, and BARRETT and BRORBY, Circuit Judges.*

BRORBY, Circuit Judge.

Mr. Michelson appeals from the decisions of the United States Tax Court entered July 26, 1990, determining deficiencies in his federal income tax for the years 1976–81. We affirm those decisions.

The issues in this case derive from the financial losses Mr. Michelson sustained as a result of his transactions involving metal futures (primarily silver) on various commodity exchanges. Characterization of Mr. Michelson's losses was the principal issue before the tax court. Mr. Michelson asserts he was a dealer in metals. As such, he contends the losses resulting from his 1979 and 1980 futures transactions were ordinary, rather than capital losses.

On appeal Mr. Michelson challenges the tax court's factual findings that: (1) Mr. Michelson was not engaged in a trade or business as a dealer in metals in 1979 and 1980; (2) the losses Mr. Michelson sustained in 1979 and 1980 were capital losses; (3) the portion of the 1980 loss allegedly attributable to Merrill Lynch's liquidation of his commodity account was not sustained in 1980; and (4) Mr. Michelson did not pay interest on his margin accounts in excess of the amounts allowed by the Commissioner of Internal Revenue. In addition, he challenges the tax court's refusal to admit as evidence a federal district court memorandum opinion and order from a related, but independent civil action. We address each challenge separately.

## I.

"[T]he clearly erroneous test of Rule 52(a) is the appropriate standard for appellate review of factual findings...." *Sanchez v. Bond,* 875 F.2d 1488, 1495 (10th Cir.1989), *cert. denied,* —— U.S. ——, 111 S.Ct. 340, 112 L.Ed.2d 305 (1990). This standard is met only when this court, after reviewing the record, is left with a " 'defi-

Matthew E. Cohen and Roy A. Anuskewicz, Jr., Albuquerque, N.M., on the briefs, for petitioner-appellant.

Shirley D. Peterson, Asst. Atty. Gen., and Gary R. Allen, Kenneth L. Greene, and Steven W. Parks, Dept. of Justice, Washington, D.C., on the brief, for respondent-appellee.

---

\* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

nite and firm conviction'" that a mistake has been made. *Merchant's Nat'l Bank of Topeka v. C.I.R.*, 554 F.2d 412, 415 (10th Cir.1977) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).

■ Our review of the record leads us to believe the tax court made no factual mistake in this case. The record amply supports the tax court's findings. For example, as to the tax court's characterization of Mr. Michelson as an investor who suffered capital rather than ordinary losses, the record indicates that prior to 1979, Mr. Michelson characterized his occupation as "investments" and reported his transactions to the revenue service accordingly. He never filed a Schedule C reporting his commodity transactions as involving gains or losses from the operation of a business until he sustained large trading losses on the silver futures market in 1979–1980. Notably, Mr. Michelson's market transactions in 1979–1980 were not materially different from those in earlier years. At no time was Mr. Michelson licensed to sell futures, nor was he a member of any commodity exchange.

Despite Mr. Michelson's assertion he was a dealer in metals, the record reflects the only physical metals ever owned by Mr. Michelson were 400 ounces of gold and 1,510,225 pounds of copper, held by means of negotiable warehouse receipts. Mr. Michelson acquired these metals on the commodity market and held both for a long period of time as one would an investment. The record further indicates that although Mr. Michelson's losses were due primarily to fluctuations in the silver market, he never owned any silver in its physical form. Moreover, the record reflects no acquisition of metal directly from any refinery or any off-exchange supplier, no separate business activity that utilized metals, and no frequent sales to customers or related merchandising activity.

With regard to the tax court's finding that the portion of the 1980 loss allegedly attributable to Merrill Lynch's liquidation of his commodity account was not sustained in 1980, the record indicates Mr. Michelson maintained five counts on a counterclaim in an unresolved, independent action to recover those losses against Merrill Lynch. The tax court reasonably inferred from Mr. Michelson's refusal to answer a question on cross-examination that he had previously assured the government he would prevail in that action.

■ Finally, with regard to the payment of interest on Mr. Michelson's margin accounts, the exhibits relied upon by Mr. Michelson do nothing more than illustrate the amount of interest charged. These documents are not sufficient to show that Mr. Michelson in fact paid these amounts, or that the interest paid exceeds that allowed by the Commissioner. Testimony in the record supports this finding.

## II.

■ Mr. Michelson sought to introduce a Memorandum Opinion and Order of the United States District Court for the District of New Mexico involving an independent civil action between Mr. Michelson and Merrill Lynch. In essence, the order dismissed twelve of seventeen counts asserted in Mr. Michelson's counterclaim against Merrill Lynch. Mr. Michelson offered the order as evidence he was a "dealer" in metals. An introductory paragraph described Mr. Michelson as "a dealer in precious metals." The tax court refused to admit the order as evidence, observing that Mr. Michelson had not shown that the description of him as a "dealer" was anything more than background material, or that his alleged status as a dealer was a disputed issue resolved by the court in that case. Moreover, the government was not a party to that suit, and what might constitute a dealer for the purposes of the issues involved in that case was not controlling in the federal income tax context. As such, the tax court held the proffered evidence lacked any probative value. We agree.

■ On appeal, Mr. Michelson also contends the tax court erred in declining to admit the order as evidence that he lacked a reasonable prospect of recovery in that suit and hence sustained those losses allegedly attributable to Merrill Lynch's liqui-

dation of his commodity account in 1980. This argument fails for two reasons. First, Mr. Michelson failed to offer the Memorandum Opinion and Order for that purpose. Second, while the order dismissed several counts of Mr. Michelson's counterclaim, five counts remained. Nothing in the record indicates that the remaining counts do not assert claims for the full recovery of the losses allegedly attributable to Merrill Lynch's actions in 1980.

"The decision to admit or exclude evidence is within the sound discretion of the [trial] court, and, on appeal, reviewable only for an abuse of discretion." *Boren v. Sable*, 887 F.2d 1032, 1033 (10th Cir.1989). The tax court did not abuse its discretion in this instance.

In conclusion, we hold the tax court's findings are not clearly erroneous. Furthermore, the tax court acted well within its discretion when it refused to admit another court's opinion into evidence for the purpose for which it was being offered. We therefore AFFIRM the tax court's decisions for substantially the same reasons as those set forth in its thorough Memorandum Opinion entered January 16, 1990. 58 T.C.M. (CCH) 1219 (1990).