25 F.3d 1057
 74 A.F.T.R.2d 94-5026
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Douglas J. MICHELSON, Plaintiff-Appellant,
v.
UNITED STATES of America, Internal Revenue Service,
Defendants-Appellees.
UNITED NEW MEXICO BANK AT ALBUQUERQUE, John Doe, Garnishees.
 No. 93-2245.
 United States Court of Appeals, Tenth Circuit.
 June 13, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 TACHA
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Douglas J. Michelson challenges a decision of the district court dismissing his pro se complaint for lack of jurisdiction. Mr. Michelson argues on appeal that he should have been allowed an opportunity to amend his complaint and that his complaint stated a cause of action which should have been considered by the district court. We affirm.
 
 
 3
 This appeal is another in a series of attempts by Mr. Michelson to avoid liability for tax deficiencies for the years 1976 through 1981. In a prior case, the Tax Court held the taxpayer was liable for these deficiencies. This court affirmed the decision of the Tax Court in Michelson v. Commissioner, 951 F.2d 288 (10th Cir.1991), cert. denied, 113 S.Ct. 380 (1992). Mr. Michelson filed the complaint in this case seeking actual and punitive damages for alleged violations of his constitutional rights and for mandamus, injunctive, and declaratory relief. The district court dismissed the action on the ground that the complaint failed to allege a statutory basis for a waiver of sovereign immunity against the United States. The district court further found that this action is nothing more than a collateral attack on the Tax Court's decision which was already affirmed by this court. Finally, the district court concluded that this action is barred by 26 U.S.C. 7421, which prohibits suits for the purpose of restraining the assessment or collection of taxes unless the taxpayer can demonstrate that "under no circumstances could the government establish its claim to the asserted tax." Lonsdale v. United States, 919 F.2d 1440, 1442 (10th Cir.1990). We agree with the district court and affirm the dismissal for substantially the reasons given by the district court.
 
 
 4
 On appeal here Mr. Michelson argues that the district court abused its discretion in dismissing his complaint without giving him leave to amend. The government moved to dismiss the complaint on September 23, 1992. On October 28, 1992, Mr. Michelson filed a response and failed to address the subject matter jurisdiction issues raised by the government's argument. The district court did not grant the government's motion to dismiss until May 3, 1993. Mr. Michelson had ample opportunity to seek to amend the complaint in an attempt to establish jurisdiction. He failed to do so. We cannot say that the trial court abused its discretion under these circumstances. AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470