25 F.3d 1056
 74 A.F.T.R.2d 94-5008
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Matthew M. DEVICH and Irma M. Devich, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-1067.
 United States Court of Appeals, Tenth Circuit.
 June 8, 1994.
 
 Before LOGAN, MCKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Matthew and Irma Devich (taxpayers) appeal the district court's grant of the government's motion for summary judgment which upheld the Commissioner of Internal Revenue's denial of taxpayers' claim for a tax refund. The Commissioner denied taxpayers' refund claim for the tax years 1987 to 1991 on the ground there was no overpayment during those years. The district court found there was no genuine issue as to any material fact concerning the Commissioner's determination and concluded that, to the extent the refund claim was based on payments made by a bankruptcy trustee on taxpayers' behalf for tax years before 1987, the statute of limitations barred any refund or credit.
 
 
 2
 On appeal, taxpayers assert that the district court erred in granting summary judgment because (1)a genuine issue of material fact remained whether taxpayers had made a timely claim for credit for asserted overpayment of taxes; (2)the limitations period was subject to equitable principles of set-off and recoupment, or to statutory mitigation; and (3)taxpayers were entitled to a hearing and further discovery concerning an alleged $20,000 "excess collections account."
 
 
 3
 We review a grant of summary judgment de novo, applying the same legal standard as the district court under Fed.R.Civ.P. 56(c). Anaconda Minerals Co. v. Stoller Chem. Co., 990 F.2d 1175, 1177 n. 3 (10th Cir.1993). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991).
 
 
 4
 Taxpayers filed a Chapter 13 petition for bankruptcy on February 15, 1984. They had apparently filed no income tax returns for the years 1980, 1981, and 1982, and the Internal Revenue Service (IRS) filed a proof of claim in their bankruptcy proceeding asserting that taxpayers owed the government taxes. The IRS claim was for $28,244.60, consisting of estimated income taxes and interest of $18,492.94 for the 1980, 1981, and 1982 tax years; unpaid FICA taxes and interest of $8,183.83 (owed by taxpayers as responsible officers of their business); and a penalty up to the petition date of $1,567.83. See Supp.App. 1; I.R.C. 6672. The claim was apparently uncontested, and the bankruptcy trustee paid the IRS the $28,244.60 during a period ending September 28, 1987. See Supp.App. 1, 2. The IRS apparently then transferred the $8,183.83 amount claimed for FICA taxes and interest to the FICA fund. Taxpayers contend that IRS personnel told them that only a portion of the rest was applied to past tax liabilities with the remainder placed in an "excess collections account." Appellants' App. at 73, Affidavit of Irma M. Devich at 3.
 
 
 5
 Taxpayers did not file tax returns for 1985 and 1986 during the pendency of their bankruptcy. They filed returns for those years in 1988, but made no payments with those filings. The IRS assessed penalties and interest for 1985 and 1986 totalling $6,250.69, plus statutory additions, which taxpayers never paid. Taxpayers argue that the IRS should have credited a portion of the "excess collections account" to the deficiencies for 1985 and 1986, and then refunded the $6,154 taxpayers paid for the tax years 1987-91[2] and the remaining $12,000 "held in [taxpayers'] 'surplus account.' " Appellant's App., Complaint at 4. Taxpayers' argument that they are entitled to refunds for taxes attributable to years 1987-91 is based on the faulty notion that taxpayers had credit in a "surplus account," id., "excess account", id., Ex. A at 4, or "excess collections account," id., Affidavit of Irma M. Devich at 3. Because all funds collected by the IRS are deposited directly into the U.S. Treasury, I.R.C. 7809(a), if such an account exists, it is merely an accounting device by which the funds would be treated as if in suspense pending the filing of final tax returns establishing the amount owed to the government. See Risman v. Commissioner, 100 T.C. 191, 203 (1993) (finding remittances paid with declarations of estimated tax returns are treated as deposits held in a "suspense account" pending receipt of the final return establishing the tax due.)
 
 
 6
 Taxpayers have not shown that they are entitled to any credit from the payments made for 1980-82. Taxpayers apparently have never filed tax returns for those years, and the applicable statute of limitations provides:
 
 
 7
 Period of limitation on filing claim.--Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.
 
 
 8
 I.R.C. (26 U.S.C.) 6511(a) (emphasis added). The bankruptcy trustee made the final payment on the government's 1980-82 tax claim on or before September 28, 1987. Taxpayers have produced no evidence that they ever made a claim for credit or refund with respect to these payments before the statute of limitations expired, no later than September 28, 1989. As the district court stated,
 
 
 9
 The 1984-1987 bankruptcy claims are time-barred and may not be revived merely by being rolled over into later purported claims. The statute of limitations cannot be so avoided. If we held otherwise, a taxpayer
 
 
 10
 could bring a refund action in connection with any taxes paid, regardless of how far in the past the return was filed and the taxes paid, simply by filing a claim for refund in which the taxpayer requested that the alleged overpayment be credited to a recent, fully-paid tax year, and that the IRS then refund the resulting overpayment in the recent year. Further, not only have Plaintiffs no timely cause of action with regard to their alleged 1984-1987 overpayment, but they have failed to state a claim that their 1987-1991 taxes were overpaid (excepting, of course, their claim that they paid deficiencies on their 1987-1991 filings when they ought to have received credit for monies already in the IRS' possession).
 
 
 11
 Appellant's App., District Court Op. at 5-6. Taxpayers cannot defeat the statute of limitations by forcing the IRS to apply an alleged overpayment[3] from 1980-82 tax years to the 1985-86 tax years and then to the 1987-91 tax years. They should have contested the government's claim in the bankruptcy or at least filed tax returns for the 1980-82 tax years and claimed refunds within the statutory period.
 
 
 12
 Taxpayers next argue the district court should have applied equitable recoupment or mitigation of limitations to allow taxpayers' claim. We review applications of equitable doctrines to statutes of limitations as factual determinations for clear error. See Donovan v. Hahner, Foreman & Harness, Inc., 736 F.2d 1421, 1427-28 (10th Cir.1984). (Taxpayers failed to exhaust their administrative remedies in that they did not argue these grounds before the IRS.) Equitable recoupment and statutory mitigation provisions may vitiate the limitations period to prevent double taxation due to inconsistent treatment of a single tax item or single transaction. See, e.g., Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 299 (1946) (equitable recoupment); Oklahoma Gas and Elec. Co. v. United States, 464 F.2d 1188, 1189 (10th Cir.1972) (mitigation of statute of limitations). The district court correctly found that taxpayers failed to allege facts supporting application of these doctrines.
 
 
 13
 Finally, taxpayers assert that the district court did not permit development of a complete record through discovery procedures. District courts exercise broad discretion when ruling on discovery matters and we review for abuse of discretion. See SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507, 1514 (10th Cir.1990). We also review a district court denial of Rule 60(b) relief for abuse of discretion. See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1445 (10th Cir.1983). The district court minute order provided taxpayers notice that the motion to dismiss was being treated as a summary judgment motion and that the taxpayers could submit additional materials. Taxpayers failed to assert the need for additional discovery before the court granted summary judgment as contemplated by Fed.R.Civ.P. 56(f). It is a shame if the government did not explain to taxpayers how its internal accounting system treated the sums paid by the bankruptcy trustee with respect to the 1980-82 tax claim; but we cannot hold that the district court abused its discretion under Rule 60(b) in refusing to grant further discovery.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 On July 9, 1992, taxpayers filed refund claims for tax years 1987 through 1991. The alleged overpayments for 1987, 1988, and 1989 were made on July 26, 1991; the alleged overpayment for 1990 was made on April 15, 1991; and the overpayment for 1991 was made with regard to tax withholding as reported on taxpayers' 1991 tax return. Thus, taxpayers assert, all claims for refunds were timely filed in accord with I.R.C. 6511 either under the three-year filing provision or under the two-year payment provision
 
 
 [3]
 Even assuming the government overestimated their tax liability for 1980-82, taxpayers have failed to quantify the overpayment