26 F.3d 130
 74 A.F.T.R.2d 94-5002
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kathleen K. DAVIS, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70030.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1994.*
Decided June 14, 1994.
 
 Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kathleen K. Davis appeals the United States Tax Court's determination that she was liable for deficiencies and penalties due from the joint federal income tax return she filed with her former husband for the year 1981. The issue is whether Davis is entitled to innocent-spouse relief as provided by 26 U.S.C. Sec. 6013(e). We have jurisdiction, 26 U.S.C. Sec. 7483, and we affirm.
 
 
 3
 The tax court found that Davis had not met the requirements of section 6013(e). The court's decision was based on its factual findings, rather than its interpretation of the tax code. In such cases, we review for clear error. Pietromonaco v. Commissioner, 3 F.3d 1342, 1344 (9th Cir.1993); Guth v. Commissioner, 897 F.2d 441, 443 (9th Cir.1990); cf. Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir.1992) (reviewing de novo because "[t]he only issues before the court are questions of law").
 
 
 4
 Section 6013(e) provides that a spouse who filed a joint tax return may be relieved of liability for an underpayment of income tax if certain requirements are met. In order to qualify for relief under the innocent-spouse provision, the spouse must prove that: (1) a joint return was filed; (2) there was a substantial understatement of tax on the return attributable to grossly erroneous omissions of income or claims of deductions by the other spouse; (3) the spouse did not know or have reason to know of the understatement; and (4) it would be inequitable to hold the spouse liable for the deficiency. 26 U.S.C. 6013(e)(1)-(2). A spouse seeking relief under section 6013(e) bears the burden of proof. The failure to prove any one of the statutory requirements will prevent the spouse from qualifying for relief. Price v. Commissioner, 887 F.2d 959, 962 (9th Cir.1989).
 
 
 5
 The tax court ruled that because Davis had failed to satisfy the second requirement, she was not entitled to innocent-spouse status as to the deductions for investments in musical recordings, Cimarron, Ltd., International Energy Savings, and Security Vaults, Ltd. To establish the "grossly erroneous" portion of the second requirement, Davis needed to prove that there was no basis in fact or law for these deductions. 26 U.S.C. Sec. 6013(e)(2). Davis argues the court erred in finding that the government had not conceded this issue at trial. We reject the argument.
 
 
 6
 Davis emphasizes the absence of any statement by the government at trial relating to the issue of whether the deductions were "grossly erroneous." Davis, however, also did not raise this issue at trial. Given Davis's own silence on the matter, it was not clearly erroneous for the tax court to conclude that rather than conceding the issue, the government was merely responding to the issues Davis raised at trial. The tax court's conclusion is further bolstered by the fact that the government discussed this issue in its pre-trial memorandum and post-trial brief.
 
 
 7
 At one point, the court asked the government whether it intended to concede section 6013(e)'s fourth requirement, which concerns the equities of granting relief, if she satisfied the third requirement by proving that she neither knew nor had reason to know of the underpayments. The government insisted that it was not conceding the fourth requirement and argued its position at length. Davis contends the government's focus on the fourth requirement amounts to a concession of the second requirement. We cannot find error, however, in the tax court's inability to conjure a concession of one issue out of the government's adamant refusal to concede another.
 
 
 8
 Davis's reliance on Church of Scientology v. Commissioner is misplaced. 83 T.C. 381 (1984), aff'd, 823 F.2d 1310 (9th Cir.1987), cert. denied, 486 U.S. 1015 (1988). In Church of Scientology, the tax court refused to consider an issue raised in the government's brief because the government had explicitly conceded the issue at trial. 83 T.C. at 523-24. Nothing in the record from Davis's trial suggests the government affirmatively conceded that the deductions were grossly erroneous. Cf. Price, 887 F.2d at 962 n. 5 (noting that the Commissioner conceded in a pretrial stipulation that the taxpayer had satisfied the second requirement of section 6013(e)(1)). When the taxpayer fails to raise an issue at trial, the government's silence cannot be construed as a concession.
 
 
 9
 The tax court did not clearly err when it found that the government had never conceded the deductions were "grossly erroneous," as defined by section 6013(e).
 
 
 10
 The tax court observed that Davis did not introduce any evidence tending to establish that the deductions lacked a basis in fact or law. On appeal, Davis has confided her argument to the question of whether the government conceded this issue at trial. Having declined to argue the merits, Davis has foreclosed consideration of whether the deductions actually were grossly erroneous. Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988).
 
 
 11
 Davis must meet all four requirements of section 6013(e)(1) to qualify for innocent-spouse relief. Because she has not shown that the tax court erred in concluding she had not satisfied the second requirement of section 6013(e)(1), we need not address her arguments regarding the other requirements.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App. P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3