27 F.3d 567
 74 A.F.T.R.2d 94-5216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Erwin W. SCHMIDT, Husband of Wanda A. Schmidt; Wanda A.
Schmidt, Wife of Erwin W. Schmidt, Plaintiffs-Appellants,
v.
UNITED STATES of America; Department of Treasury, Internal
Revenue Service, Defendants-Appellees.
 No. 94-1078.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1994.
 
 Before: KEITH, NORRIS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Erwin W. and Wanda A. Schmidt appeal the summary judgment for defendants in this civil action ostensibly filed under 26 U.S.C. Sec. 7432. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The Schmidts filed their complaint in the district court alleging a history of tax related problems arising from difficulties in receiving appropriate tax credit for payments made by plaintiffs' business to the Michigan Employment Security Commission dating to 1984. Plaintiffs sued the Internal Revenue Service (IRS) and an individual IRS agent in unspecified capacities and sought compensatory and punitive damages in excess of $10,000,000. The government moved to dismiss the complaint, and plaintiffs responded in opposition. Upon certification that the individual IRS agent acted within the scope of his employment at the times alleged, the district court ordered the substitution of the United States as defendant for the individual defendant IRS agent pursuant to 28 U.S.C. Sec. 2679(d)(1).
 
 
 3
 The district court dismissed plaintiffs' complaint except insofar as it could be read to assert a claim pursuant to 26 U.S.C. Sec. 7432 for an allegedly improper failure to release a tax lien and denied a motion by plaintiffs for reconsideration of the order substituting the government as party defendant. Thereafter, the government moved for summary judgment with respect to the remaining claim, and plaintiffs responded in opposition. The district court granted the government's motion for summary judgment.
 
 
 4
 On appeal, plaintiffs contend that the United States was improperly substituted as defendant for the individual IRS agent and essentially reiterate the allegations of their complaint. Also, plaintiffs assert that applicable statutes of limitations should be tolled due to the severity of their injuries. Upon consideration, we conclude that judgment for the United States was proper for the reasons stated by the district court in its opinion filed May 17, 1993, and in its memorandum opinion filed November 18, 1993.
 
 
 5
 First, the United States was properly substituted as party defendant for the individual IRS agent named defendant under the circumstances of this case. See United States v. Smith, 499 U.S. 160, 164 n. 5 (1991); Henson v. NASA, 14 F.3d 1143, 1147 (6th Cir.1994) (per curiam); Arbour v. Jenkins, 903 F.2d 416, 419-21 (6th Cir.1990). In addition, summary judgment was proper with respect to any claim cognizable under 26 U.S.C. Sec. 7432 because the evidence adduced by the government reflects that the tax lien at issue was released one day after the pertinent taxes were paid, and plaintiffs thereafter did not designate specific facts which show that a genuine issue of material fact remains for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). Finally, there is simply no factual or legal basis for plaintiffs' contention that any applicable statute of limitations should be tolled because of the gravity of their alleged injuries.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.