29 F.3d 631
 74 A.F.T.R.2d 94-5217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth C. CAUSEY, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-17340.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 24, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth C. Causey appeals pro se the district court's dismissal of his action brought against an Internal Revenue Service ("IRS") officer and the United States. Although Causey brought his action under 42 U.S.C. Sec. 1983, the district court construed the action as one under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), and dismissed the action on the ground that it was time-barred.[1] We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 "A dismissal on statute of limitations grounds presents a question of law reviewed de novo." Donoghue v. Orange County, 848 F.2d 926, 929 (9th Cir.1988).
 
 
 4
 The statute of limitations for Bivens actions is the personal injury statute for the state in which the district court sits. Van Strum v. Lawn, 940 F.2d 406, 410 (9th Cir.1991). Nevada's personal injury statute of limitations is two years. Nev.Rev.Stat. Sec. 11.190(4)(e).
 
 
 5
 In his amended complaint, Causey alleged that IRS Officer Tousley violated his Fourteenth Amendment rights by fraudulently executing a tax levy on his property. The alleged violation occurred on April 28, 1983. Causey did not file the present action until May 3, 1993, over ten years later. Causey's contention that there is no statute of limitations for fraud in this instance is meritless. Therefore, the district court did not err by dismissing his action as time-barred. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Causey's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Despite Causey's arguments to the contrary, because IRS Officer Tousley was acting under color of federal law, not state law, the district court properly characterized Causey's action as one under Bivens. See Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1387 (9th Cir.1987)