29 F.3d 631
 74 A.F.T.R.2d 94-5205
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CLAUDE E. ATKINS ENTERPRISES, INC., Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-16147.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 24, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Claude E. Atkins Enterprises, Inc. ("Enterprises") appeals the district court's dismissal of Enterprises' action against the United States for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We vacate and remand.
 
 
 3
 Enterprises filed this action under 28 U.S.C. Sec. 1346(a)(1) for a refund of taxes allegedly erroneously assessed and collected. The United States moved to dismiss the complaint for lack of jurisdiction. The United States argued that Enterprises lacked standing to bring an action for a refund under section 1346(a) because Enterprises was not a "taxpayer" within the scope of 26 U.S.C. Sec. 7422. The district court granted the United State's motion and dismissed Enterprises' action for lack of jurisdiction.
 
 
 4
 On appeal, the IRS contends that its position below was not well-founded and that Enterprises has standing as a "taxpayer" to bring a suit for a refund under section 1346(a). In light of our decision in Williams v. United States, No. 92-56207, slip op. 5251 (9th Cir. May 19, 1994), we need not decide whether Enterprises is a "taxpayer" within the meaning of 26 U.S.C. Sec. 7422. In Williams, we held that 28 U.S.C. Sec. 1346(a) permits a third party from whom taxes were erroneously collected to sue the United States for a refund. Williams, No. 92-56207, slip op. at 5254-55. Because Enterprises alleges that taxes were erroneously collected from it, Enterprises has standing to sue under section 1346(a). See id. Thus, the district court had jurisdiction to consider the merits of Enterprises' action. See id. Accordingly, we vacate the district court's judgment and remand for further proceedings.[1]
 
 
 5
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties' joint motion to vacate the district court's judgment is denied as moot. See Mafnas v. Superior Court, 936 F.2d 1968, 1071 (9th Cir.1991) (a matter is moot if the reviewing court can no longer grant effective relief)