28 F.3d 105
 74 A.F.T.R.2d 94-5452
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BROWNFIELD INVESTMENT CORPORATION, N.V., Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-16621.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1994.
Decided July 13, 1994.
 
 1
 Before: ALARCON and FERNANDEZ, Circuit Judges, and WILSON, District Judge.[1]
 
 MEMORANDUM[2]
 
 2
 Brownfield Investment Corporation ("Brownfield") filed this quiet title action seeking the removal of an IRS tax lien filed February 22, 1988, encumbering real property owned by plaintiff. Brownfield alleged that the lien was improperly filed because the lien relied on the tax liabilities of Dushyant Patel. The IRS claimed that the lien was proper because Brownfield was the alter ego of Dushyant Patel. Following a court trial, the district court (Judge Patel) concluded that Brownfield was the alter ego of Dushyant Patel and that the lien was proper. Brownfield appeals this decision. Appellant contends that the decision below was flawed substantively and procedurally. We affirm the decision of the district court.
 
 Substantive Finding of Alter-Ego
 
 3
 We generally review a district court's alter ego decision for clear error. In re Windmill Farms, Inc., 841 F.2d 1467, 1474 (9th Cir.1988); Wolfe v. United States, 798 F.2d 1241, 1243 n. 2 (9th Cir.), amended, 806 F.2d 1410 (9th Cir.1986), cert. denied, 482 U.S. 927, 107 S.Ct. 3210 (1987). If the district court's factual findings support a finding of alter ego, then we review those factual findings for clear error.
 
 
 4
 A tax lien attaches to property of the taxpayer even if it is held by an alter ego. G.M. Leasing Corp. v. United States, 429 U.S. 338, 97 S.Ct. 619, 627 (1977); Wolfe, 798 F.2d at 1243. The government may "reverse pierce" the corporate veil to impose the tax liabilities of an individual on the individual's alter ego corporation. Towe Antique Ford Foundation v. IRS, 999 F.2d 1387, 1390 (9th Cir.1993) (Alarcon, J.). Since state law determines whether a person owns property, the question of whether a person has an alter ego through which he owns property is determined by state law. Wolfe, 798 F.2d at 1244 n. 3, as amended, 806 F.2d 1410, 1411; Michael I. Saltzman, IRS Practice and Procedure p 14.07 (2d ed. 1991).
 
 
 5
 Under California law, a company is the alter ego of an individual where:
 
 
 6
 (1) such a unity of interest and ownership exists that the personalities of the corporation and the individual are no longer separate, and
 
 
 7
 (2) an inequitable result will follow if the acts giving rise to liability are treated as those of the individual alone.
 
 
 8
 Orloff v. Allman, 819 F.2d 904, 908-909 (9th Cir.1987).
 
 
 9
 The District Court found that the "unity" and "inequity" prongs of the alter ego test were established.
 
 
 10
 With respect to the "unity" prong, the district court's factual finding was not clearly erroneous. The evidence supports the district court's conclusion that all substantive decisions regarding the trusts that owned Brownfield were made by Patel. The "unity" prong requires a further showing of some degree of ownership interest in the corporation. Firstmark Capital Corp. v. Hempel Financial Corp., 859 F.2d 92, 94 (9th Cir.1988). Patel contends that his ownership interest was extinguished by the August 13, 1985 removal of Patel as a beneficiary of the trust that owned Brownfield. However, the District Court found that this removal should be disregarded as a fraudulent conveyance under California Civil Code Sec. 3439.04 (West 1970), repealed by Stats.1986, c. 383, Sec. 1. The District Court's factual findings in support of the application of Section 3439.04 were not clearly erroneous.
 
 
 11
 With respect to the "inequity" prong, the district court's factual finding was not clearly erroneous. The record supports the district court's finding that recognition of the corporate form in this matter would provide a general sanction to tax evaders. Appellant contends that a finding of bad faith is required to show "inequity" in certain types of alter ego cases. This Court does not need to reach this question because the district court's decision contained a finding of bad faith. The district court found that Patel had manipulated corporate forms to prevent seizure by creditors including his former business partner. While Patel contends that he eventually established that he did not owe any moneys to his former business partner, this is not dispositive. The district court could properly rely on the fact that Patel had manipulated the corporate forms at a time when he was faced with the possibility of liability to his former business partner. See Towe Antique Ford Foundation, 999 F.2d at 1393 (finding of abuse of corporate form supported by fact that IRS audits pending at time of challenged transfers).
 
 
 12
 Procedural Attack on Finding of Fraudulent Conveyance
 
 
 13
 Patel contends that the district court's fraudulent conveyance finding was procedurally improper because the pretrial and trial proceedings did not indicate that the Government would attempt to prove that Patel's removal as a beneficiary was a fraudulent conveyance pursuant to Civil Code Sec. 3439.04. While Patel's contention might have some merit, this Court does not need to reach this issue because the record establishes a proper alternative basis for the fraudulent conveyance ruling. See United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992) (court of appeals may affirm on any basis supported by the record even if the district court did not rely on that basis), cert. denied, 113 S.Ct. 1945 (1993). Separate from Section 3439.04, the applicable California law also provided that a conveyance could be disregarded if made with actual intent to hinder, delay, or defraud either present or future creditors. California Civil Code Sec. 3439.07 (West 1970), repealed by Stats.1986, c. 383, Sec. 1. The district court found that Patel had engaged in the relevant transactions, including his removal as trust beneficiary, to hinder his creditors. This finding was not clearly erroneous, and Patel was on notice that this was an issue in the case because the "inequity" prong required analysis of such factors. Thus, Patel's procedural complaint is not relevant.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 The Honorable Stephen V. Wilson, United States District Judge, United States District Court for the Central District of California, sitting by designation
 
 
 [2]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3