29 F.3d 630
 74 A.F.T.R.2d 94-5493
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph Y. AIZAWA; Noriyo Aizawa, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70803.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 15, 1994.*
Decided July 20, 1994.
 
 Before: TANG, FERGUSON, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph and Noriyo Aizawa appeal the tax court's determination of the amount of loss on the foreclosure sale of their Hawaiian rental property. The Aizawas argue that the tax court erred in calculating their loss without taking into consideration the amount of accrued and unpaid interest, attorney's fees and court costs included in the deficiency judgment. We affirm.
 
 I.
 
 3
 In 1981, the Aizawas purchased rental property in Hawaii for $120,000 plus $433 in closing costs. They gave the sellers $30,000 in cash and a $90,000 recourse note and mortgage for the remaining balance. The terms of the note provided for the payment of interest at ten percent per annum in installments of $750 per month for four years. At the end of four years a balloon payment for the entire principal was due. The Aizawas, however, stopped making monthly interest payments in March of 1985 and did not make any payment on the principal.
 
 
 4
 In 1987, the sellers brought a mortgage foreclosure action in state court and obtained a judgment of $133,506.91, consisting of the $90,000 unpaid mortgage principal, $18,000 in accrued and unpaid interest, $25,006.91 in attorney's fees, and $500 in court costs. The property was sold at a foreclosure sale to the sellers for $72,700. The $72,700 sales price was deducted from the $133,506.91 judgment, leaving a $60,806.91 deficiency.
 
 
 5
 The Aizawas claimed a $62,257 loss on the sale of the property on their 1987 income tax return. The Commissioner, however, determined that the Aizawas' loss was actually $10,091, and issued a notice of deficiency. The Aizawas contested the deficiency in the tax court, this time contending that their loss was $70,898.28. The tax court determined the Aizawas' loss to be $27,391.38. The Aizawas timely appeal.
 
 II.
 
 6
 The Aizawas argue that the tax court erred in calculating their loss without taking into consideration the amount of accrued and unpaid interest, attorney's fees and court costs included in the deficiency judgment. We disagree.
 
 
 7
 Section 1001 of the Internal Revenue Code provides for the determination of the amount of gain or loss on the sale or other disposition of property. A gain is defined as the excess of the amount realized over the adjusted basis, and a loss is defined as the excess of the adjusted basis over the amount realized. I.R.C. Sec. 1001(a). The amount realized is defined as the sum of any money received plus the fair market value of any property received. Id. Sec. 1001(b). The amount realized includes the amount of liabilities from which the transferor is discharged as a result of the sale or disposition of the property. Treas.Reg. Sec. 1.1001-2(a)(1). See also Rev.Rul. 90-16, 1990-1 C.B. 12.
 
 
 8
 In this case, the Aizawa's property was repurchased by the sellers at a foreclosure sale for $72,700. Although the $72,700 sales price was simply deducted from the $133,506.91 judgment, it is still considered the amount realized under Treas.Reg. Sec. 1.1001-2(a)(1). The Aizawas' adjusted basis in the property is $100,091.38. Thus, under I.R.C. Sec. 1001, the Aizawas' loss on the sale of the property--the excess of the adjusted basis, $100,091.38, over the amount realized, $72,700--is $27,391.38.[1]
 
 
 9
 The amount of accrued and unpaid interest, attorney's fees and court costs has nothing to with calculating the loss on the sale. While the Aizawas may be entitled to take deductions pertaining to those amounts if the proceeds of the foreclosure sale are considered to be applied first to the portion of the deficiency judgment representing accrued and unpaid interest, attorney's fees and court costs, the Aizawas did not make this argument. They only argued that those amounts should affect the loss on the sale, not that they were entitled to take deductions in addition to the loss.[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Such a determination of loss does not conflict with Commissioner v. Tufts, 461 U.S. 300 (1983), or its progeny. In this case the property was subject to a recourse mortgage meaning that the Aizawas were not relieved of the responsibility to repay the loan when the property was sold. They remain personally liable for the full amount of the loan, and therefore, will not receive untaxed income or an unwarranted increase in their basis
 
 
 [2]
 We express no opinion as to whether the Aizawas may claim deductions for interest paid or other deductible items in the future