29 F.3d 630
 74 A.F.T.R.2d 94-5550
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard F. BRODERICK; Margaret E. Broderick, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70761.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 25, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard and Margaret Broderick appeal pro se the tax court's order granting the Internal Revenue Service's ("IRS") motion for entry of judgment based upon the parties purported settlement agreement in the Brodericks' action for redetermination of a tax deficiency for 1988. We have jurisdiction pursuant to 26 U.S.C. Sec. 7482. We reverse and remand.
 
 
 3
 * Background
 
 
 4
 The IRS issued a notice of deficiency on July 3, 1991 for the Brodericks' 1988 federal income taxes. The Brodericks filed a petition on October 7, 1991 contesting the IRS's deficiency determination. On March 31, 1992, the Brodericks signed an amended return and presented it to the IRS. On March 29, 1993, following trial, the parties negotiated a settlement and stipulated to seven adjusted figures on the record before the tax court. These adjusted figures reflect concessions by both parties on the seven disputed issues. The tax court directed the IRS to recalculate the deficiency based on the adjustments, and to prepare a decision document for Brodericks' signatures and for entry by the court. The IRS recalculated the deficiency using the Brodericks' original tax return. The Brodericks refused to sign the decision document prepared by the IRS because it was based on their original return rather than their amended return. The IRS filed a motion for entry of the decision on June 1, 1993. The Tax Court granted the government's motion on June 2, 1993 and entered the decision on June 4, 1993. The Brodericks timely appeal.
 
 II
 Discussion
 
 5
 We review the tax court's enforcement of a settlement agreement for abuse of discretion. Id. The tax court has the equitable power to enforce summarily an agreement to settle a case pending before it. Callie v. Near, 829 F.2d 888, 890 (9th Cir.1987). However, the court may enforce only complete settlement agreements. Id. The formation of a settlement contract requires agreement on its material terms. Id. at 891. "Where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." Id. at 890.
 
 
 6
 The Brodericks contend that the tax court erred by enforcing the settlement agreement because there was no meeting of the minds regarding whether the original return or the amended return would be used to recalculate the deficiency.
 
 
 7
 The IRS asserts that the parties had an understanding that the original return would be used to recalculate the deficiency. According to the IRS, this understanding is evidenced by the following: (1) the Brodericks' petitioned for a redetermination of the deficiency based on their original return; (2) the items at issue during the settlement negotiations were those items of deduction on the original return; and (3) the settlement read on the record was confined to matters raised in the original return.
 
 
 8
 The transcript of the tax court hearing, however, reveals that the parties referred to both the original and the amended returns throughout the hearing, and that during the recital of the adjusted figures, reference was not made to either return. Moreover, the IRS submitted copies of both returns to the tax court, and the IRS stipulated to the authenticity of the Brodericks' amended return. See TCR, Exb. 3-C.[1]
 
 
 9
 Based on the record before us we cannot ascertain whether there was a meeting of the minds as to which return would be used for the deficiency recalculation. Thus, there is a disputed term of the settlement agreement and summary enforcement was inappropriate. See Callie, 829 F.2d at 891. Accordingly, we reverse the judgment of the tax court and remand for an evidentiary hearing consistent with this decision. See id. at 890-91.
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "TCR" refers to the tax court record