34 F.3d 1066
 74 A.F.T.R.2d 94-5932
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Peter F. McCONAUGHY; Jacqueline W. McConaughy, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-2287.
 United States Court of Appeals, Fourth Circuit.
 Argued May 11, 1994.
Decided August 12, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. William M. Nickerson, District Judge. (CA-91-2874-WN)
 Argued: William Rowen Bernetich, Bernetich & Associates, Rockville, MD; Robert Paul Brophy, Robert P. Brophy, P.A., Bel Air, MD. for Appellants.
 Argued: Thomas J. Clark, Tax Division, United States Department of Justice, Washington, DC. On brief: Loretta C. Argrett, Assistant Attorney General, Gary R. Allen, Gilbert S. Rothenberg, Lynne Ann Battaglia, United States Attorney, Tax Division, United States Department of Justice, Washington, DC, for Appellee.
 D.Md.
 AFFIRMED AND REMANDED.
 
 
 1
 Before MURNAGHAN and WILLIAMS, Circuit Judges, and HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 OPINION
 HILTON, District Judge:
 
 2
 Appellants Peter F. and Jacqueline W. McConaughy bring this appeal from the District Court's determination that they should receive 35% of their fees in a tax case. We affirm and remand for a determination of paralegal and miscellaneous costs.
 
 
 3
 In 1984, appellants received a pension distribution of $24,546. Believing that a portion of the distribution was not taxable, the taxpayers reported taxable income relating to the distribution of $6,541.03. When the Internal Revenue Service (the "IRS") corrected the mistake, it added the entire amount of the distribution back into the appellants' 1984 taxable income. This "correction" was erroneous, because appellants had already paid taxes on the $6,541.03 already reported. In January 1990, the appellants filed an amended tax return in which they sought an abatement of their taxes based on the IRS' mathematical error, which the IRS granted on May 14, 1990.
 
 
 4
 In April, 1990, the appellants filed amended 1040X returns for several tax years in which they made two requests. First, they requested another adjustment to the amount of tax owed on the pension distribution based on a special ten-year averaging election. They also requested an investment tax credit ("ITC"), based on expenditures made in 1986, which they wanted to carry back to the 1984 tax year.
 
 
 5
 On June 27, 1990, the IRS sent a request to the plaintiffs to submit form 843 and pay the outstanding balance for their claim to be considered. On August 3, 1990, the taxpayers paid the 1984 balance, and on September 11, 1990 submitted the required form 843, along with copies of the previously-filed amended 1040X forms. Also on September 11, 1990, the appellants filed another claim for refund raising the same issues presented in the April claim.
 
 
 6
 Over the course of the next year, taxpayers contacted the IRS on several occasions asking for a decision on their refund requests. The IRS stated in April, 1991 that action would be forthcoming in thirty days. In May, 1991, the IRS contacted the taxpayers, indicating that the claim had been forwarded to the audit department and that the review would take an additional forty-five days. On June 24, 1991, plaintiffs contacted the IRS requesting action within fifteen days. During July 1991, IRS indicated it would take five additional weeks in which to process the claim.
 
 
 7
 By September 13, 1991, the IRS had concluded that appellants were entitled to a refund based on the ten-year averaging of the pension. The notes of the IRS agent assigned to the case indicate that the additional verification would be necessary to process the carryback claims. On September 17, 1991, approximately three weeks after the IRS' latest request for extra time had expired, the agent requested verification from the appellants.
 
 
 8
 Plaintiffs filed the instant action on October 4, 1991, and notified the IRS that they would not provide additional information unless requested by IRS counsel. The taxpayers determined that there were only six months remaining in which to file suit to recover their refunds, based on the date the IRS acknowledged receipt of the first amended 1040X in April, 1990.[1] The IRS referred the case to the Justice Department for handling and mailed the taxpayers a letter indicating that their claims were being denied because suit had been filed.
 
 
 9
 When counsel for the government took over the case, he was required to undertake his own review of the situation.[2] On July 2, 1992, the government served interrogatories on the appellants to verify their entitlement to the ITC carryback, and on August 3, 1992, the appellants served their answers. After reviewing the material provided by the appellants, the government advised them on September 28, 1992, that it would concede the case.
 
 
 10
 The appellants also requested discovery from the government. Contending that the government was not cooperating in discovery, they filed a motion to compel, together with a motion for summary judgment, in October, 1992. At the hearing on the instant motion, it became apparent that these motions were essentially unnecessary because at the time they were filed, the IRS had already conceded the case and the parties were in the process of negotiating the terms of a stipulated judgment. Pursuant to the parties' stipulation, the District Court entered judgment in favor of the taxpayers on November 18, 1992.
 
 
 11
 Appellants filed their motion to recover costs, including attorneys' fees, on December 7, 1992. At that time the taxpayers sought attorneys' fees and costs totalling $18,502.96.
 
 
 12
 The District Court held a hearing on appellants' motion on July 1, after which the appellants increased the amount of their request to $35,260.59. In its Memorandum Opinion of July 22, 1993, the District Court found that the government's position in requiring documentation for the ITC claim was substantially justified. However, the Court found that the government was not substantially justified in delaying the processing of the appellants' claims. This delay caused the filing of this action. The appellants submitted all of the documents necessary to process their claims by September 11, 1990, and by waiting a year they exhausted their administrative remedies as required by I.R.C. Sec. 7430. The Court held that appellants were entitled to attorneys' fees, but because of their unnecessary and unreasonable filings, their confusing billing records, and nonrecoverable paralegal and miscellaneous fees, it reduced the amount of fees appellants requested by 65%.
 
 
 13
 On this appeal, we are asked to determine: (1) whether the District Court exercised its discretion properly when it reduced the amount of attorney's fees that the plaintiffs requested under I.R.C. Sec. 7430, and (2) whether the District Court's Order should nevertheless be modified to provide the reimbursement to taxpayers of a portion of their paralegal and miscellaneous out-of-pocket costs.
 
 
 14
 Pursuant to 26 U.S.C. Sec. 7340, attorneys fees may be awarded in tax cases to those who, having exhausted their administrative remedies, show that they substantially prevailed and that the government's position was not substantially justified. Smith v. United States, 850 F.2d 242, 246-47 (5th Cir.1988) (only a person who proves that the government's position was unreasonable is entitled to an award of litigation costs).
 
 
 15
 The District Court properly found that the taxpayers substantially prevailed on their claims and that they exhausted their administrative remedies because of the government's processing delay. Having received the forms necessary to process the appellants' claims, the government appears to have taken no action for a year. The government was justified in requesting more information on the appellants' ITC claim, as the taxpayer bears the burden of proving his entitlement to the ITC. Interstate Transit Lines v. Comm'r, 319 U.S. 590, 593 (1943) ("... an income tax deduction is a matter of legislative grace and the burden of clearly showing the right to the claimed deduction is on the taxpayer"). However, the government had in its possession sufficient information to make a determination and took no action. Because the delay is what caused the appellants to file suit, the Court held that the government's position was not substantially justified.
 
 
 16
 Having determined the appellant was entitled to attorneys' fees, the District Court reviewed the fee request in detail and determined that it was excessive for several reasons. First, the Court held that appellants should not receive their paralegal fees and certain miscellaneous costs. The Court found that the government was justified in pursuing the ITC claim, and fees representing the amount of time spent pursuing that claim should not be awarded to the appellants. The Court found the taxpayers' motions confusing and not in conformity with the local rules, thereby causing the Court to request additional briefing. Finally, the Court found that appellants' billing records did not precisely outline the amount of time spent on any given task, making it impossible to determine whether time was excessive, redundant, or representative of noncompensable activities.
 
 
 17
 The Supreme Court, in the context of a Sec. 1988 fee petition, has held that a reduction in the amount of fee is appropriate when the hours claimed are excessive or not reasonably necessary, when the time was spent on claims on which the party did not prevail, or when the fee applicant has not adequately documented the number of hours. Hensley v. Eckerhart, 461 U.S. 424, 434, 437 & nn. 12 (1983). The District Court correctly noted that it had the discretion to identify specific hours that should be eliminated or to simply reduce the award across-the-board. Id. at 436-37. We find that the District Court in this case correctly found that taxpayers' counsel included in their fee request work that was unnecessary and properly reduced the award across-the-board.
 
 
 18
 In the proposed regulations under Sec. 7430, the IRS has explained that,
 
 
 19
 [C]osts which are normally billed separately may be reasonable administrative costs that may be recoverable in addition to the representative's hourly rate. Therefore, necessary costs incurred for travel, expedited mail delivery, messenger service, expenses while on travel, long distance telephone calls and necessary copying fees imposed by the Internal Revenue Service, any court, bank or other third party, when normally billed separately from the representative's hourly rate, may be reasonable administrative costs.
 
 
 20
 57 Fed.Reg. 61020 (1992) (to be codified at 26 C.F.R. pt. 301) (proposed December 23, 1992). The parties agree that the appellants should recover paralegal fees and miscellaneous costs in this case. We find that in assessing the fee request and the circumstances attendant thereto, the District Court did not abuse its discretion in reducing the request by 65% but should consider reasonable paralegal fees and miscellaneous costs.
 
 
 21
 AFFIRMED and remanded for a determination of paralegal and miscellaneous costs.
 
 AFFIRMED AND REMANDED
 
 
 [1]
 The appellees argue that the McConaughys incorrectly determined the statute of limitations period, but it is not disputed that the appellants believed that the statutory bar for their case was imminent
 
 
 [2]
 Pursuant to I.R.C. Sec. 7122, once appellants filed suit, the IRS lost authority to allow their claim