33 F.3d 59
 74 A.F.T.R.2d 94-5969
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Thomas A. MANTZ & Lynn D. Mantz, Debtors.
UNITED STATES of America; United States Internal Revenue
Service, Appellants,
v.
Gary R. FARRAR, Trustee, Appellee.
 No. 93-15985.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 18, 1994.
Decided Aug. 19, 1994.
 
 Before: WALLACE, Chief Judge, POOLE and CANBY, Circuit Judges.
 
 MEMORANDUM
 
 1
 The Internal Revenue Service (IRS) appeals from the Bankruptcy Appellate Panel's (BAP) order directing that its claim for federal taxes be paid under 11 U.S.C. Sec. 726(a)(2). The BAP had jurisdiction pursuant to 28 U.S.C. Secs. 158(a) and 158(b)(1). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 158(d). We reverse.
 
 
 2
 The IRS filed an untimely proof of claim for federal taxes. It had not received a notice of the bar date or of the bankruptcy proceeding. Upon the Trustee's objection, the bankruptcy court denied the IRS's claim in its entirety. The BAP reversed the bankruptcy court and ordered the IRS's unsecured priority claim to be distributed under 11 U.S.C. Sec. 726(a)(1). The IRS contends the BAP erred in refusing to allow its unsecured priority claim first distribution under section 726(a)(1). The IRS argues section 726(a)(1) makes no distinction between late and timely priority claims and, therefore, its priority claim retains first distribution even when proof of a claim is not timely filed. The IRS contends that in any event its claim cannot be subordinated because it did not receive notice of the bankruptcy or the bar date. We review decisions of the BAP de novo and thus evaluate a bankruptcy court's conclusions of law de novo. Vanderpark Properties v. Buchbinder (In re Windmill Farms), 841 F.2d 1467, 1469 (9th Cir.1988).
 
 
 3
 We recently addressed a similar contention by the IRS in In re Pacific-Atlantic Trading Co., No. 92-16973, slip op. 9301 (9th Cir. Aug. 18, 1994). Although in that case the IRS had notice of the bar date and the bankruptcy proceeding, it failed to file a timely proof of claim. The IRS contended that its claim retained priority status and a right to distribution under section 726(a)(1) even though it had not filed a timely proof of claim. We held in favor of the IRS and interpreted sections 501 and 502 of the Bankruptcy Code as authorizing federal tax claims priority status regardless of when proof of the claim is filed. We further decided the language of section 726(a)(1) indicated priority claims are entitled to first distribution regardless of when proof of the claim is filed.
 
 
 4
 Our decision in Pacific Atlantic is dispositive of the issue before us. Under sections 501 and 502, the IRS's claim for federal taxes is an "allowed" claim. Section 507 accords such allowed claims priority status regardless of when proof of the claim is filed. Section 726(a)(1) makes no distinction between late and timely priority claims. Thus, the IRS's unsecured priority claim is entitled to first distribution under section 726(a)(1) even though it did not file a timely proof of claim.
 
 
 5
 As we decide the case on this basis, we need not address the IRS's contention that priority claims may not be subordinated when the claimant lacks notice of the bar date or bankruptcy.
 
 
 6
 REVERSED.