36 F.3d 1092
 74 A.F.T.R.2d 94-6421
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Helene EDWARDS; Francis Raymond Edwards, Petitioners-Appellants,
v.
COMMISSIONER OF THE INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-1629.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 26, 1994.
Decided: September 21, 1994.
 
 Appeal from the United States Tax Court. (Tax Ct. )
 Helene Edwards, Francis Raymond Edwards, Appellants Pro Se.
 Bruce Raleigh Ellisen, Gary R. Allen, Jordan Laytin Glickstein, United States Department of Justice, Washington, D.C., for Appellee.
 U.S.T.C. AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before HALL, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Francis and Helene Edwards appeal from the tax court's order finding them liable for additional taxes and penalties with respect to their 1986 and 1987 federal income taxes. Our review of the record and the tax court's opinion reveals that this appeal is without merit with respect to Francis Edwards. Therefore, we affirm as to Francis Edwards on the reasoning of the tax court. Edwards v. Commissioner, Tax Ct. No. 90-9752 (Feb. 19, 1993). However, we remand for the tax court to make a determination regarding Helene Edwards's "innocent spouse" defense in light of the evidence presented at trial. See 26 U.S.C. Sec. 6013(e) (1988).
 
 
 2
 The Edwardses filed a motion prior to trial to treat Helene Edwards as an innocent spouse.* The tax court here did not address the innocent spouse issue in its memorandum opinion; rather, the Edwards's motion was merely stamped "Denied." The Commissioner in his informal brief maintains that the Edwardses abandoned this issue by not raising it again at trial or in the post-trial briefs. However, the trial transcript reveals that Helene Edwards's testimony related solely to the issue of innocent spouse status, and this issue was mentioned again by Francis Edwards in his "Motion for Mistrial."
 
 
 3
 Therefore, we affirm the tax court's order insofar as it pertains to Francis Edwards. However, we vacate the order as to Helene Edwards and remand for factual findings on the innocent spouse claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 *
 The Edwardses have been separated since May 1980