38 F.3d 1218
 74 A.F.T.R.2d 94-6736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ESTATE OF Silvio RAVETTI, Deceased, Donna Irene Logan,
Executrix, Petitioner Appellant,
v.
COMMISSIONER, INTERNAL REVENUE SERVICE, Respondent Appellee.
 No. 93-70851.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 3, 1994.*
Decided Oct. 11, 1994.
 
 Before: GOODWIN, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We affirm the Tax Court summary judgment.
 
 
 3
 The Estate argues that the notice of deficiency was inadequate under Scar v. Commissioner, 814 F.2d 1363, 1367 (9th Cir.1987). That is incorrect. The notice sufficed, under our reading of Scar in Kantor v. Commissioner, 998 F.2d 1514, 1521 (9th Cir.1993). The Scar notice showed on its face that the IRS had not really determined the amount of the deficiency and had issued the notice without even looking at the taxpayer's return. The deficiency notice was based upon a mining partnership which had nothing to do with the taxpayer's return. The notice of deficiency in the case at bar, like the one in Kantor, did not show "on its face" that no determination had been made based on the taxpayer's return. The amounts of deductions disallowed corresponded exactly to amounts listed on his 1982 return, and the request for penalties based on tax-motivated investments indicated the reasons for the denial of the deductions.
 
 
 4
 The Estate's next argument is that assessment and collection were barred because of the pendency of a Tax Court proceeding. But Ravetti had waived his Sec. 6213(a) right to prevent collection. He signed a stipulation saying so. Now he calls it a "maverick clause buried in a mass of bureaucratic boilerplate." We do not see what would render it ineffective. The waiver in the closing agreement could be avoided for "fraud or malfeasance, or misrepresentation of material fact," 26 U.S.C. Sec. 7121, but none were demonstrated.
 
 
 5
 Next, the Estate argues for rescission of its stipulation and closing agreement. The ground is not clear. Ravetti's claimed incompetence could not matter, because when they were signed, he was dead. His argument for lack of consideration could not matter, because lack of consideration is not "fraud or malfeasance, or misrepresentation of material fact" as required by 26 U.S.C. Sec. 7121. He did not establish any genuine issue of fact as to whether the IRS knew that the Estate was under some misapprehension of fact, so M.F. Kemper v. City of Los Angeles, 235 P.2d 7 (1951), has no bearing on the case at bar.
 
 
 6
 The Estate's argument that Ravetti's claimed incompetence prevented him from having a tax shelter rather than profit making motivation, and that the IRS improperly anticipated Sec. 6221, does not matter, because the closing agreement controlled. Even if the deficiency notice had been wrong, once the Estate stipulated to an amount and made a closing agreement, that was the end of it. This is not to suggest that there was any error. Profit-motivation was determined at the partnership level before Congress enacted 26 U.S.C. Sec. 6221. Wolf v. Commissioner, 4 F.3d 709, 712 (9th Cir.1993). The Estate did not establish a genuine issue of fact as to whether the Glenstall partnership had a profit motive.
 
 
 7
 The Estate argues that the Tax Court should have consolidated its cases, but it does not establish denial of consolidation was an abuse of discretion. There were different issues in the different cases.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3