39 F.3d 1191
 74 A.F.T.R.2d 94-6940
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Frank C. FRICKE, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 93-9025.
 United States Court of Appeals, Tenth Circuit.
 Nov. 2, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 This is an appeal from the United States Tax Court. The only issue before us is whether the court erroneously adopted an incorrect calculation of Mr. Fricke's tax deficiency. We affirm.
 
 
 2
 The parties are well acquainted with the facts, and they need not be restated. Our review of the record discloses Mr. Fricke is simply in error in contending the court failed to allow an exemption for a minor dependent. The calculation is included in the Commissioner's computation. (Commissioner's Computation at p. 3). Moreover, the court did not allow Mr. Fricke a deduction for twelve mortgage payments made in 1985 because Mr. Fricke stipulated he "made no mortgage payments on that property subsequent to May, 1985."
 
 
 3
 That stipulation is the only evidence in this case regarding the number of monthly payments for which Mr. Fricke is entitled to a deduction. There being no indication or claim the stipulation was coerced, is factually inaccurate, or otherwise not entitled to credibility, Mr. Fricke is bound by it.
 
 
 4
 Mr. Fricke's reply brief states, "[I]t was never stipulated in fact nor [sic] adjustment and never was at issue until after the Tax Court issued it's [sic] Memorandum Opinion." That claim is inconsistent with the record. The stipulation is dated March 12, 1992; the hearing at which the parties stated they had "stipulated to everything that is relevant to the remaining issue in this case" was held March 16, 1992; and the Tax Court judgment was entered January 12, 1993.
 
 
 5
 In that judgment, the Tax Court found, "[Mr. Fricke] made the mortgage payments on the house from September of 1983 through May of 1985." Contrary to Mr. Fricke's claim, the Tax Court's judgment is not "flawed."
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470