42 F.3d 1401
 74 A.F.T.R.2d 94-7284, 95-1 USTC P 50,030
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas A. SAFSTROM; Lana G. Safstrom, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70444.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1994.
Decided Nov. 30, 1994.
 
 Before: GIBSON,* HUG, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas and Lana Safstrom appeal the Tax Court's decision upholding the Commissioner's conclusion that the Safstroms are liable for federal income tax deficiencies. The Tax Court and the Commissioner determined that the Safstroms improperly claimed deductions and credits for monies expended on research activities. We review the Tax Court's decision under the clearly erroneous standard. Independent Elec. Supply, Inc. v. Commissioner, 781 F.2d 724, 727 (9th Cir.1986).
 
 
 3
 The Safstroms claim they are entitled to a deduction under section 174 of the Internal Revenue Code because SIMI conducted the BMM research and development on behalf of the Safstroms. The Tax Court, however, found that SIMI conducted this research and development on its own behalf, characterizing the Safstroms' role as that of capital contributors rather than as beneficiaries of a contract to receive ownership rights in the newly developed technology. We conclude the Tax Court's findings are not clearly erroneous in light of the record in this case. Because the Safstroms acted only as capital contributors, they were not entitled to the section 174 deductions or the credits under section 44F.
 
 
 4
 The Tax Court's conclusion is further buttressed by our holding in Kantor v. Commissioner, 998 F.2d 1514 (9th Cir.1993). In Kantor, we noted that to comply with section 174's "in connection with a trade or business" language, the taxpayer must "demonstrate a 'realistic prospect' of subsequently entering its own business in connection with the fruits of the research...." Id. at 1518. To demonstrate this "realistic prospect," the taxpayer must show "both the objective intent to enter such a business and the capability of doing so." Id. In this case, the Safstroms do not come close to meeting these requirements. The Kantor decision also makes clear that the Safstroms may not use the business activities of SIMI to fulfill this requirement because to do so would establish their role as mere investors in SIMI's business operations. S ee id. at 1519. We affirm the judgment of the Tax Court.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Honorable Floyd R. Gibson, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3