42 F.3d 1398
 74 A.F.T.R.2d 94-6912
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfred Y.K. AU, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 94-70048.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 4, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM **
 
 
 2
 Alfred Y.K. Au appeals pro se the tax court's dismissal for lack of jurisdiction of Au's petition for additional disclosure filed pursuant to 26 U.S.C. Sec. 6110.[1] We have jurisdiction pursuant to 26 U.S.C. Sec. 7482, and we affirm.
 
 
 3
 We review decisions of the tax court on the same basis as we review decisions entered after civil bench trials in the district court. Mayors v. Commissioner, 785 F.2d 757, 759 (9th Cir.1986). The tax court's dismissal of Au's case is reviewed de novo. Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1986).
 
 
 4
 Initially, Au contends that he was not served with a copy of the motion to dismiss. The motion to dismiss was served on Au through the mail in accordance with Tax Ct.R. 21(b)(1) which provides that service is complete upon the mailing of the motion. See eg., Kim v. Commandant, Defense Language Institute, 772 F.2d 521, 524 (9th Cir.1985).
 
 
 5
 Au also contends that the tax court erred by dismissing his petition. This contention lacks merit.
 
 
 6
 Au's petition was filed pursuant to 26 U.S.C. Sec. 6110(f)(4). Under that section, an individual may seek to obtain additional disclosure of information contained in any written determination[2] or background file document[3] that has been made open or subject to inspection. The request for additional disclosure must "contain the file number of the written determination or a description of the background file document (including the file number of the related written determination), the deleted information which in the opinion of such person should be open or subject to inspection, and the basis for such opinion." Treas.Reg. Sec. 301.6110-5(d).
 
 
 7
 Au's petition failed to satisfy these requirements. Au failed to provide a file number of the written determination from which he sought the additional disclosure. Au's petition also did not contain an adequate description of the background file document or the deleted information Au wanted disclosed. Therefore, the tax court was correct in holding that Au failed to show that a written determination, as defined under 26 U.S.C. Sec. 6110, was issued.
 
 
 8
 For these reasons the tax court did not err by dismissing Au's petition.
 
 AFFIRMED.[4]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We treat Au's "Motion To Amend Caption Of Case" as a motion to amend the notice of appeal. So construed, the motion is granted. Because corporations must appear through an attorney, Hanalea, Inc. is dismissed from this case for lack of jurisdiction. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697-98 (9th Cir.1987). The record and docket shall now reflect that Au is the only appellant in this case
 
 
 [2]
 The Internal Revenue Code defines a written determination as a "ruling, determination letter, or technical advice memorandum." 26 U.S.C. Sec. 6110(b)(1)
 
 
 [3]
 With respect to a written determination, a background file document "includes the request for that written determination, any written material submitted in support of the request, and any communication (written or otherwise) between the Internal Revenue Service and persons outside the Internal Revenue Service in connection with such written determination ... received before issuance of the written determination." 26 U.S.C. Sec. 6110(b)(2)
 
 
 [4]
 We reject Au's remaining due process and obstruction of justice claims